LAWRENCE v. BERNSTEIN.

(Supreme Court, Appellate Term. March 21, 1905.)

1. NEW YORK MUNICIPAL COURT—PROCESS—SUBSTITUTED SERVICE—REQUISITES OF AFFIDAVIT.

Failure of an affidavit for substituted service of a municipal court summons to state that no previous application for an order for such service had been made is a mere irregularity, and the refusal of the trial justice to dismiss the complaint upon that ground is not reversible error.

2. SAME—ALIAS SUMMONS—SERVICE.

Municipal Court Act (Laws 1902, p. 1498, c. 580) § 26, provides that an action must be commenced by the service of summons. Section 30 (page 1499) provides that, if defendant cannot be found, the clerk, at the request of plaintiff, shall issue another summons, to be known and stamped "alias." *Held*, that service of an alias is not fatally defective, although the original summons is not also served therewith.

Appeal from Municipal Court, Borough of Manhattan, Eleventh District.

Action by Gustavus L. Lawrence against Benjamin Bernstein. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before SCOTT, O'GORMAN, and BLANCHARD, JJ.

Elias Rosenthal, for appellant.

William A. Walling, for respondent.

O'GORMAN, J. The objections urged by the appellant herein are not sufficient to invalidate the judgment. The failure to state in the affidavit upon which an order for substituted service of the summons was granted that no previous application for such an order had been made was an irregularity merely, and refusal of the trial justice to dismiss the complaint upon that ground does not constitute reversible error. Skinner v. Steele, 88 Hun, 307, 34 N. Y. Supp. 748; Matter of Natl. Gramophone Co., 82 App. Div. 593, 81 N. Y. Supp. 853; Pratt v. Bray, 10 Misc. Rep. 445, 31 N. Y. Supp. 465.

Neither is the fact that an alias summons only was served upon the defendant a fatal defect. Section 26 of the Municipal Court act (Laws 1902, p. 1498, c. 580) provides that "an action must be commenced by the service of a summons." Section 30 (page 1499) provides that if the marshal, or other person having the summons to serve, cannot find the defendant, the clerk shall, at the request of the plaintiff, continue to "issue another summons," to be known and stamped "alias," until the defendant is served. There is no

provision in said act which requires that, with the service of this "alias" summons, the original summons shall also be served. The "alias" summons is as much a writ issued to obtain jurisdiction of the defendant as the first summons issued. The provision for the issuance of an "alias" summons is for the purpose of keeping the cause of action alive, as the same section provides that "an action shall be deemed commenced at the time the summons is actually delivered for service," and an "alias" writ is "a second writ issued when the first has failed its purpose." Century Dictionary.

The appellant's criticism as to the form of the summons, even if tenable, is not borne out by the return. The form of the summons filed with the return seems to conform to that prescribed in the Municipal Court act. The defendant also failed to show a surrender and acceptance by the landlord of the demised premises, and the judgment should be affirmed.

Judgment affirmed, with costs. All concur.