### MOUNT v. TRAMMEL et al.

No. 9010—Opinion Filed Sept. 10, 1918.

(175 Pac. 232.)

**1. Sheriffs and Constables—Levy of Attachment—Liability for Damages.**

When a writ of attachment is issued to any county other than the one in which the action has been instituted, and the officer receiving said writ executes the same as provided by section 4819, Rev. Laws 1910, he is not liable in an action for damages based on the fact that the land was subsequent to said levy sold by the owner to an innocent purchaser, and the plaintiff who issued the attachment order thereby lost his security for the payment of the judgment obtained in the main action.

**2. Attachment — Service of Writ — Recording Return.**

An officer serving a writ of attachment in a county other than the one in which it was issued is not required to have his return recorded in the office of the court clerk of the county where the land is situated that is attached, as in case of an execution when issued to another county other than the one in which the judgment is obtained.

(Syllabus by Davis, C.)

Error from District Court, Roger Mills County; T. P. Clay, Judge.

Action by Finley P. Mount, receiver of the M. Rumely Company, against R. L. Trammel and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Swan C. Burnette, for plaintiff in error.

Opinion by DAVIS, C. This cause of action was begun in the district court of Roger Mills county, Okla., on the 26th day of June, 1915, by the plaintiff in error, hereinafter referred to as "plaintiff," against the defendants in error, hereinafter referred to as "defendants."

The petition discloses that on the 28th day of February, 1913, M. Rumely Company brought its action against D. B. Gahan in the district court of Washita county, Okla., to recover a judgment in the sum of $660.15. When this action was begun, an attachment writ was issued out of the district court of Washita county, Okla., and sent to the sheriff of Roger Mills county, for the purpose of having certain real estate in that county attached. When the sheriff of Roger Mills county, Okla., received this writ of attachment, he executed the same as provided by law and returned the writ, together with an appraisement of the real estate, to the court clerk of Washita county, Okla. On the 28th day of March, 1913, the case of M.

Rumely Company v. D. B. Gahan was heard in the district court of Washita county, Okla., and judgment was rendered in favor of plaintiff for the sum of $654 with interest thereon from the 28th day of March, 1913, at the rate of 8 per cent., together with an attorney's fee of $75, and a further judgment was rendered sustaining the attachment proceeding instituted by the plaintiff in said suit and ordering the sheriff of Roger Mills county to sell the real estate in Roger Mills county that had been attached under and by virtue of said order issued at the commencement of said action, by the court clerk of Washita county. On the 19th day of May, 1915, M. Rumely Company in pursuance of an order of United States court assigned the judgment obtained in said action against D. B. Gahan to Finley P. Mount, receiver of M. Rumely Company, a corporation. The defendant R. L. Trammel was the duly elected, qualified, and acting sheriff of Roger Mills county, Okla., at the time the writ of attachment was issued by the court clerk of Washita county, and as such sheriff executed the writ on the 6th day of January, 1913. The defendant J. F. Cole, Woll Donald, and W. M. Brooks were sureties on the bond of R. L. Trammel.

After the judgment obtained by M. Rumely Company against D. B. Gahan was assigned to the plaintiff, Finley P. Mount, an order of sale was issued out of district court of Washita county, Okla., for the purpose of selling the real estate attached in Roger Mills county, Okla., in said action. When it was sought to sell the real estate thus attached it was discovered that the real estate in question had been sold subsequent to the attachment and prior to the date that the order of sale was issued by D. B. Gahan to an innocent purchaser. This suit was instituted for the purpose of securing a judgment against the defendant R. L. Trammel and his bondsmen for the sum of $945, interest and cost. It is charged that R. L. Trammel was negligent in that he failed and neglected to have noted on the execution docket of the court clerk of Roger Mills county, Okla., the date that said attachment order was received, and also was negligent in not having his return on said attachment recorded in the office of the court clerk of Roger Mills county, Okla., so that notice might be imparted to all persons seeking to purchase said real estate that the plaintiff had a lien on said real estate by virtue of the attachment order that was levied on the same. The defendants filed a demurrer to the petition of the plaintiff on the 13th day of July, 1915. On the 11th day of December, 1916, the demurrer was heard

and sustained. The plaintiff elected to stand on his petition and gave notice of appeal to the Supreme Court of this state. In due time an appeal was lodged in this court to have the action of the lower court reviewed and set aside.

There is but one question for determination in this case, and that is as to whether or not a writ of attachment, when issued in another county other than the one in which the suit is instituted should be served by the officer receiving the said writ in the same manner as an execution. We have not been favored with a brief in this case by the defendants, but notwithstanding this fact we have endeavored to make a thorough investigation to see whether or not there was any error on the part of the court in sustaining said demurrer.

Section 5183, Rev. Laws 1910, is as follows:

"When an execution is issued to the sheriff of any county other than that in which the judgment was rendered, the sheriff, after indorsing the date of its reception thereon, shall deliver the same to the clerk of the district court of his county, who shall thereupon enter the same in the execution docket in the same manner as if it had issued from the court of which he is clerk; and before the sheriff shall return any such writ, he shall cause his return to be entered in like manner."

Section 4816 provides:

"Orders of attachment may be issued to the sheriffs of different counties, and several of them may, at the option of the plaintiff, be issued at the same time, or in succession; but only such as have been executed shall be taxed in the costs, unless otherwise directed by the court."

Section 4819 reads:

"Execution of Order.—The order of attachment shall be executed by the sheriff, without delay. He shall go to the place where the defendant's property may be found, and declare that, by virtue of said order, he attaches said property at the suit of the plaintiff; and the officer, with two householders, who shall be first sworn or affirmed by the officer, shall make a true inventory and appraisement of all the property attached, which shall be signed by the officer and householders, and returned with the order."

Section 5156 provides as follows:

"The officer to whom a writ of execution is delivered, shall proceed immediately to levy the same upon the goods and chattels of the debtor; but if no goods and chattels can be found, the officer shall indorse on the writ of execution, 'No goods,' and forthwith levy the writ of execution upon the lands and tenements of the debtor, which may be liable to satisfy the judgment; and if any of the lands and tenements of the debtor which may be liable shall be incumbered by mortgage or any other lien or liens, such lands and tenements may be levied upon and appraised and sold, subject to such lien or liens, which shall be stated in the appraisement."

Section 5161 provides as follows:

"If execution be levied upon lands and tenements, the officer levying such execution shall call an inquest of three disinterested householders, who shall be resident within the county where the lands taken in execution are situate, and administer to them an oath, impartially to appraise the property so levied on, upon actual view; and such householders shall forthwith return to said officer, under their hands, an estimate of the real value of said property."

It is contended by the plaintiff in this case that, when an order of attachment is issued to any county other than the county in which the suit is instituted, it should be served in the same manner as an execution. In other words, it is contended that, on the receipt of the attachment by the sheriff of said county, he should have noted on the execution docket of the court clerk of said county the date that said attachment writ was received, and, when said writ had been executed: that he should then have noted on the execution docket of the court clerk of said county his return showing the manner in which said writ was executed; that all this should be done before the attachment writ is returned to the court from which it issued. To sustain this contention counsel for the plaintiff has cited only two cases. An examination of these two cases shows that neither one sustains such contention. The first case cited is Union National Bank v. Byram, reported in 131 Ill. 92 22 N. E. 842. An examination of this case discloses that the question for determination before the court was the construction of the statute of Illinois in reference to the manner in which an execution should be served and whether or not a writ of attachment should be served in the same manner as an execution. That part of the case that pertains to this phase of the case is as follows:

"The objection that the statute provides no mode of levying the writ of attachment will also disappear upon a comparison of the attachment act with the act in regard to judgments and executions. Section 26 of the attachment act provides that 'the practice and pleadings in attachment suits, except as otherwise provided in this act, shall con-

form, as near as may be, to the practice and pleadings in other suits at law.' The word 'practice,' as here used, includes the mode of serving mesne process and the mode of executing final process. It refers to the manner in which an attachment writ is to be levied, and also to the manner in which a writ of fi. fa. or an execution is to be levied. Fleischman v. Walker, 91 Ill. 318. The word 'levy' is applied to attachment writs as well as to executions. An attachment writ is levied upon personal property in the same way in which an execution is levied thereon. A 'levy' is defined by Bouvier to be a 'seizure,' and it is no less a seizure when made under an attachment than when made under an execution. The seizure is made in the same way under the one as under the other. The acts necessary to a valid levy of an attachment are equally essential to the valid levy of an execution (2 Freem. Ex'ns [2d Ed.] § 262) and the converse of the proposition is also true. The object of the attachment of personal property is to seize and hold it until judgment is rendered so that it may be taken and sold under execution. The object of levying an execution upon personal property is to seize and sell it, so as to make out of it the amount recovered by the judgment."

It will be seen from the foregoing opinion that the statute of Illinois provides that an attachment shall be served in the same manner that an execution is served. The opinion has no application to the case at bar for the reason that the sections of our statute heretofore set out provide the manner in which the execution shall be served and also the manner in which an attachment shall be served. The writs are essentially different. The attachment is issued for the purpose of seizing property and holding the same in order that, if a judgment should be obtained, the property thus seized will be forthcoming to satisfy said judgment. An execution is a writ issued for the purpose of enforcing a judgment that has been obtained.

The case of Still v. Focke et al., 66 Tex. 715, 2 S. W. 59, is cited by counsel for plaintiff to sustain his position. An examination of this case discloses that section 4829 Rev. Statutes of Texas, provides the manner in which an attachment writ shall be served when issued to any other county than the one in which the suit is instituted. It provides that the officer who receives said writ shall execute the same, and before returning said writ to the court from which it issued, he shall file a copy of his return in the court of the county in which the levy is made. This case is not authority for the position sought to be maintained for the reason that the statutes of Texas

provide the particular manner in which to serve an attachment in cases like the one at bar. These are the only two cases cited by counsel to sustain his contention in this matter.

We have been unable to find any court that has followed the rule sought to be enforced in this case. There is no contention but that the sheriff, R. L. Trammel, upon receipt of the attachment writ served the same as provided by the laws of this state, and we do not feel constrained to place a greater burden upon the officer who receives a writ than the law itself places. In fact, when the statute provides the express manner in which a writ shall be served, if the officer complies literally with the law, we feel that he has discharged his entire duty.

We are therefore of the opinion that the judgment of the lower court should be affirmed.

By the Court: It is so ordered.