SCHMIDT, Respondent, *v.* SCHMIDT, Appellant.

(No. 7,890.)

(Submitted April 7, 1939. Decided April 26, 1939.)

[89 Pac. (2d) 1020.]

*Mr. D. W. Doyle,* for Appellant, submitted a brief, and argued the cause orally.

*Mr. Bert I. Packer,* and *Messrs. Cole & Shannon,* for Respondent, submitted a brief, and argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

This is an appeal from an order of the district court of Teton county, denying the defendant's motion to vacate a default divorce decree.

The original summons was issued on January 23, 1914, and was filed on the same day, bearing the following sheriff's return: "I * * * was unable to serve the same upon Defendant for the reason that said Defendant could not be located within the State of Montana and am informed said Defendant is now a resident of the State of New York." On the same day another summons, entitled "Alias Summons," was issued which included a general statement of the nature of the action, and was served by publication and mailing. The original thereof, without proof of publication, is shown as filed in the clerk's office on the day of its issuance. Affidavits of mailing and publication were filed, entry of default was made, and on March 25, 1914, the decree was entered.

On April 15, 1938, a hearing was held on defendant's motion to vacate the decree, at which there was introduced in evidence the judgment roll, consisting of the complaint, the summons, the so-called "alias summons," the affidavits of publication and mailing thereof, the entry of default and the decree.

The judgment roll included all papers then required by statute (sec. 6806, Rev. Codes 1907) to be included, the requirement that in case of service by publication the affidavit and order for publication should also be shown, as now required by section 9409, not having been added until 1925 (Chap. 146, sec. 1). The only other evidence presented was the stipulation that a separate action is pending in the district court of Toole county to set aside this same decree and a copy of the complaint in that action, which was admitted over defendant's objection. As no point is made upon this appeal that the other action pending had any effect upon the motion in this case, the evidence concerning it is not material and will be disregarded.

Defendant and appellant contends that the decree was void because the court had no jurisdiction of the person of the defendant for two reasons: First: That the summons when published was *functus officio* because it had been returned to and filed in the clerk's office before its publication. Second: That the summons for publication was void *ab initio* because it was an alias summons and no demand had been made for its issuance. We will discuss these in reverse order. No other questions are raised by the appeal.

Defendant's second contention seems to be that the summons for publication is an alias summons, and that it was therefore valid only if plaintiff complied with the statutory provisions relative to alias summonses, in addition to those relative to summonses for publication.

The statutes applicable to alias summons and summons for publication are the same now as they were in 1914. Section 9108 (then sec. 6516) provides that if the summons is returned without being served on any or all of the defendants, or if it has been lost, the clerk "upon demand of the plaintiff, or his attorney, accompanied by a statement in writing filed with the clerk that said summons has been lost, or has not been served upon any or all of the defendants, shall issue an alias summons in the same form as the original."

Section 9117, Revised Codes (then sec. 6520), provides that if the defendant resides out of, has departed from, or cannot after

due diligence be found within the state, or conceals himself to avoid the service of summons, and an affidavit is filed with the clerk of the court stating any of these facts, together with other specified allegations not expressly including a "demand" for the issuance of summons for publication, the clerk shall cause service to be made by publication. Section 9119 (then sec. 6522) provides that if service is had by publication, the summons, in addition to the requirements for an original summons, "shall contain a general statement of the nature of the action."

Although the summons for publication was entitled "Alias Summons," it must, of course, be classified according to its substance and not according to the name given it. Historically, the word "alias" refers to a former command of the same sort; it was part of a Latin sentence meaning: "We command you as we have before (*sicut alias*) commanded you." An alias writ is a second writ of the same kind issued when the first has failed of its purpose. (*Farris* v. *Walter*, 2 Colo. App. 450, 31 Pac. 231; *Lawrence* v. *Bernstein*, 46 Misc. 608, 92 N. Y. Supp. 817.) In other words, it is a writ issued where one of the same kind has already been issued in the same cause, but has lost its force without having been effective.

Section 9108 is entirely consistent with this definition, in providing that the alias writ shall be issued "in the same form as the original." On the other hand, the summons for publication being required by law to contain additional matter not included in the form of the original summons, it necessarily fails to conform to either the general definition or the statutory form of an alias summons, and demand need not be made for it as such.

Defendant's first point is that the summons for publication was dead because it had been "returned and filed" in the clerk's office before its publication. A "return" of a writ is a statement in writing made by a sheriff or other ministerial officer to the court, under his official oath, of what has been done touching the execution of the writ. (3 Words and Phrases, Fourth Series, Return of Execution, p. 402.) To make return

of summons is defined by Webster's New International Dictionary, second edition, as "to bring or send back to a tribunal or office, with a certificate of what has been done." In this sense, the summons for publication was not returned; it was merely left with the clerk without any certificate of what had been done, and the clerk placed upon it his notation of filing.

Nor is the fact material that it was filed in the clerk's office without an accompanying return of service. Subdivision 3 of section 9122 states, with reference to summons served by publication, not how it shall be returned, but how "proof of the service" shall be made. It is only in case of personal service that the summons "must be returned" with the sheriff's certificate of service or any other person's affidavit of service, as required by section 9110. In case of publication there is no requirement that the summons must be returned with the affidavits of publication and mailing; the requirement is merely that proof shall be made by such affidavits, and the summons so served may be identified otherwise than by annexation of the original to the affidavits.

Furthermore, the original summons for publication serves no purpose with reference to the actual publication which cannot be served equally well by a carbon copy, and there was no necessity that it be delivered to the printer or held by him or withheld from the clerk's office until after publication had been completed. Its only purpose could be to serve as a check against the accuracy of the publication, and that purpose was served at least as well by lodgment of the original in the clerk's office before the publication. It cannot, therefore, be held that it thereby became *functus officio* so as to nullify its subsequent publication.

Whether under the circumstances a motion to vacate the decree was the proper method of raising these objections need not be decided.

The order appealed from is affirmed.

ASSOCIATE JUSTICES MORRIS, ANGSTMAN, STEWART and ERICKSON concur.