STATE EX REL. MONTGOMERY WARD & CO. INC., RELATOR,
v. DISTRICT COURT ET AL., RESPONDENTS.

(No. 8488.)

(Submitted January 8, 1944. Decided March 14, 1944.)

[146 Pac. (2d) 1012.]

522

*Messrs. Lester H. Loble* and *Albert H. Angstman,* for Relator submitted an original and a supplemental brief; *Mr. Angstman* argued the cause orally.

*Mr. Wellington D. Rankin, Mr. Arthur P. Acher* and *Mr. Myles J. Thomas,* for Respondents, *Mr. Acher* and *Mr. Thomas* argued the cause orally.

MR. CHIEF JUSTICE JOHNSON delivered the opinion of the court.

Relator seeks a writ of supervisory control or other appropriate writ to require the respondent district court and the judges thereof to quash the service of summons in two cases in which it is named as defendant, its motions to that effect having been denied by the respondents. The facts material to this proceeding are identical in the two cases and will be stated as if only one case were involved.

Complaint was filed and summons issued on March 29, 1941. On September 3, 1942, for some reason not disclosed by the record, the summons was brought back to the clerk's office without a return, but accompanied by a written request for issuance of alias summons ''for the reason that the original summons has been returned without being served.'' The summons was received by the clerk, marked as filed, and an alias summons thereupon issued which shortly thereafter was served upon defendant.

The ground for the motion to quash and for the writ is that the original summons was not "returned" within the meaning of section 9108, Revised Codes, so as to authorize the lawful issuance of alias summons, and that the latter is therefore void as having been issued without lawful authority.

Respondents' answer and return raise no question of fact but only issues of law. The answer attempts to raise the defense that relator made a general appearance in the action by applying for and obtaining an order granting it twenty days after a decision upon its motion to quash within which to further appear or answer, but the record does not show that any application was made by respondents. It shows only that an order was made granting the time, and we cannot presume that it was made on respondents' application rather than on the court's own motion. In any event, we find that the order grants only the twenty-day period after the ruling on the special appearance, which was already granted relator by statute, (sec. 9322.) The real question of waiver of special appearance is whether the party has submitted himself to the jurisdiction of the court by seeking something obtainable only if the court has jurisdiction of him. But this cannot be the effect of an application for something automatically granted by law and of which the court could not, if it wished, deprive him. We must, therefore, expressly disapprove any prior decisions which have been interpreted as holding that an application for the time automatically granted by law can constitute a general appearance.

The only other question is whether the alias summons was lawfully issued so as to constitute lawful process for service under section 9108, which provides as follows: "If the summons is returned without being served on any or all of the defendants, or part of defendants, or if it has been lost, the clerk, upon demand of the plaintiff, or his attorney, accompanied by a statement in writing filed with the clerk that said summons has been lost, or has not been served upon any or all of the defendants, shall issue an alias summons in the same form as the original, * * *."

The question is whether in this case the summons was returned within the meaning of the statute, and depends upon the proper construction of the word "returned."

Section 15, Revised Codes, provides that words used in the Code shall be construed "according to the context and the approved usage of the language; but technical words and phrases, and such others as have acquired a peculiar and appropriate meaning in law, * * * are to be construed according to such peculiar and appropriate meaning or definition."

The word "returned" is merely the past participle of the verb "return." Two of the definitions of the verb in Webster's New International Dictionary are as follows:

"3. To bring or send back to a tribunal or office with a certificate of what has been done; to make return of, as a writ;

"4. To bring, carry, put, send back; as, to return a borrowed book or a hired horse."

Here the word "return" is used in connection with the word "summons" and it must, under Section 15, supra, be construed according to its context and also according to any technical, peculiar or appropriate meaning which it has acquired in that connection. As so construed it is apparent that to return a summons is not the same as to return a borrowed book or a hired horse; that it has a specialized meaning at law well known to lawyers and judges, which includes more than the mere idea of bringing it back to the office from which it issued.

In *Schmidt* v. *Schmidt*, 108 Mont. 246, 89 Pac. (2d) 1020, 1022, it was argued that a summons for publication which had been marked as filed with the clerk of court before it had been published had been "returned and filed" so that it was dead before its publication and the latter was therefore ineffective as service of summons. But we said in that case: "A 'return' of a writ is a statement in writing made by a sheriff or other ministerial officer to the court, under his official oath, of what has been done touching the execution of the writ. (3 Words and Phrases, Fourth Series, Return of Execution, page 402.) To make return of summons is defined by Webster's New Inter-

national Dictionary, 2nd ed., as 'to bring or send back to a tribunal or office, with a certificate of what has been done.' In this sense, the summons for publication was not returned; it was merely left with the clerk without any certificate of what had been done, and the clerk placed upon it his notation of filing.'' The statement was not *dictum*, but constituted an express ruling upon an issue directly presented.

''Return'' of summons or other process is similarly defined in 50 C. J. 561, section 257, and 42 Am. Jur. 104, section 117, and in decisions too numerous to mention.

The respondents argue that the context of section 9108 shows that the legislature meant to use the word ''returned'' in only its general sense of ''brought back.'' The argument is that if the technical meaning were intended the ''return'' alone would be sufficient without a written statement that the summons had not been served upon any or all of the defendants. In other words, they rely upon the extremely reasonable rule justified by human experience and crystallized in section 15, Revised Codes, supra, that where a word is susceptible of two separate meanings, as here, reference shall be had to the accompanying words to ascertain which meaning was intended. This requires, of course, that we must look at the context in the original enactment, since words added years later cannot disclose the intent with which the words were originally used. We find that as originally enacted as section 69, page 55, Laws of 1877, the provision read as follows: ''If the summons is returned without being served on any or all of the defendants, or if it has been lost, the clerk, upon the demand of the plaintiff, may issue an alias summons, in the same form as the original.'' The matter relied upon by respondents, not having been part of the original enactment, obviously cannot indicate the legislative construction of the word ''returned.''

Nor is it permissible to hold that the amendment by which the new matter was added in 1899, (sec. 1, page 143, Laws of 1899), constituted a re-enactment of the entire section so that the new matter explains the use of the word ''returned'' in the section as amended; for section 93, Revised Codes, provides: ''Where a

section or a part of a statute is amended, it is not to be considered as having been repealed and re-enacted in the amended form, but the portions which are not altered are to be considered as having been the law from the time when they were enacted, and the new provisions are to be considered as having been enacted at the time of the amendment.'' We cannot, therefore, regard the main clause, adopted in 1877, as a complete new enactment in 1899 to be explained by the new matter then first added.

It is further contended that the word ''returned'' in this section refers merely to the physical act of bringing back the summons, because of the wording of section 9110. It is true of course that in spite of the well established legal meaning of the word ''returned'' with special application to process, the legislature may in certain instances use it in its more general meaning of ''brought back.'' But the fact that the context of the word in section 9110 may be construed as indicating that the legislature did so in that section is no ground for arguing that it intended to do so in section 9108 also, in which no such intent is discernible.

But there is an even better test of the legislature's intention than the above rules of interpretation, namely, the purpose to be fulfilled by the statute as enacted. Certainly the legislative purpose was not to authorize the useless issuance of new process without a valid reason, but only to authorize an alias summons where the original has lost its force without the full performance of its function. There is a clear reason for the authorization of an alias summons where the original has been lost. There is likewise a clear reason where the original summons has been returned after only partial or defective service, for such return makes the original summons *functus officio*. (*Fanning* v. *Foley,* 99 Cal. 336, 33 Pac. 1098; 50 C. J. 577, sec. 296.)

In this case the original summons has not been ''returned'' and it has lost none of its force. It can still be served until the expiration of the three years after its issuance on March 29, 1941, (sec. 9317, Rev. Codes), although, in view of its surrender to and filing by the clerk of court, the respondents may perhaps now require an ex parte application for permission to withdraw it for

service. It was obviously brought back to the clerk's office only in connection with the demand for an alias summons, although the reason for that demand is not apparent. At any rate its surrender to and filing by the clerk cannot have the effect of terminating its validity or making it *functus officio*, and no authority has been cited or found so holding.

The purpose of the statute clearly being to permit the issuance of an alias summons where the original summons has lost its force before its function has been fully performed, there is no ground for imputing to the legislature the additional intent of authorizing alias process whenever some one chooses, without apparent reason, to bring the original summons back to the clerk's office unserved but still servable.

The alias summonses having been issued without lawful authority, the writ prayed for must be granted and the services of the void alias summonses quashed.

Accordingly it is so ordered.

ASSOCIATE JUSTICES ERICKSON and MORRIS concur.

MR. JUSTICE ADAIR did not hear the arguments and takes no part in the foregoing decision.

MR. JUSTICE ANDERSON:

I dissent. Section 9108, Revised Codes, seems clearly to authorize the issuance of an alias summons as was here done. It is provided therein that: "If the summons is returned without being served on any or all of the defendants, or part of the defendants, or if it has been lost, the clerk, upon demand of the plaintiff, or his attorney, accompanied by a statement in writing filed with the clerk that said summons has been lost, or has not been served upon any or all of the defendants, shall issue an alias summons in the same form as the original, * * *."

There is nothing in the statute requiring that a legal return be made by the sheriff or other person having the summons for service. The return spoken of in the statute clearly has reference to the physical act of bringing the summons back to the clerk.

The language is, "If the summons is returned without being served," etc. The only showing required for the issuance of an alias is that there be a demand for it by "the plaintiff, or his attorney, accompanied by a statement in writing filed with the clerk that said summons * * * has not been served upon any or all of the defendants * * *." All this appears to have been done. I can see no basis for questioning the validity of the summons.

That the word "returned" refers to the physical act of bringing the summons back to the clerk is indicated by its use in section 9110, Revised Codes, which provides how the summons may be served and how returned when service has been made. It says that: "When the summons is served by the sheriff, it must be *returned, with his certificate of service,* and of the service of any copy of the complaint, where such copy is served, to the office of the clerk from which it is issued. When it is served by any other person, it must be *returned* to the same place, *with an affidavit* of such person of its service, and of the service of the copy of the complaint, where such copy is served." (Emphasis mine.)

We note that the act of returning is referred to separate and apart from the reference to the written statement of what has been done about the service. Section 9108, Revised Codes, makes provision for a new summons and specifies the conditions under which it shall be issued by the clerk. The provision is first that the summons be returned with no service made or without completed service. There must then be a demand of the plaintiff or his attorney for a new summons and this demand must be accompanied by a statement in writing filed with the clerk that the summons has not been served upon any or all of the defendants. It thereupon becomes the duty of the clerk to issue a new summons without any further showing by the plaintiff.

The legislature has spoken so plainly there can be no misunderstanding of the language. There is no need of construction. The meaning of the statute contended for by the relator we can have only by eliminating express provision and adding language which is not there. To follow the language of the statute does not get any wrong or harmful result. The liberality of the provision

may at times prove of great service. The fact that no reason for wanting the alias need be given other than that service has not been made should not invalidate the provision.

While successive issuance of summons at frequent intervals may be had, the only ill effect therefrom would be the extra labor entailed on the part of the plaintiff and a little extra work for the clerk. We must assume that practitioners will not understandingly do a useless thing. We might as well, by the exercise of supervisory control, place restriction upon a plaintiff in the use of the right to file an amended complaint. As the statute reads there is nothing to prevent the recurrent filing of new complaints in the exact form of the original but marked "amended complaint."

In my view, the summons should be sustained as valid process and relator's application should be denied.