Dear Attorney Macy
¶ 0 The Attorney General has received your letter asking for an official opinion addressing, in effect, the following question:
May the District Court Clerk charge and collect an additionalfee for the issuance of an alias writ of execution and/or analias garnishment summons?
 I. ISSUANCE OF PROCESS
¶ 1 In order to properly address your inquiry, it is first necessary to ascertain the meaning of the term "issuance" in reference to writs of execution and garnishment summons.
¶ 2 In Oklahoma, writs of execution[1] and garnishment summons[2] fall within the legal meaning of the term process. Title 12 O.S. 731 (1991) provides:
 Executions shall be deemed process of the court, and shall be issued by the clerk, and directed to the sheriff of the county. They may be directed to different counties at the same time.
 ¶ 3 Process is generally deemed issued when it is prepared andplaced in the hands of a person authorized to serve it with the intention of having it served, or at least when it is given to an officer, or to someone else to be given to the officer for the purpose of being served. Baker v. Sisk, et al., 1 F.R.D. 232
(E.D.Okla. 1938) (emphasis added). Under Oklahoma law, it is the duty of the district court clerk to issue the postjudgment writ of execution.
¶ 4 It is also the duty of the district court clerk to issue two types of postjudgment garnishment summons.[3] Upon occasion, it is necessary for the district court clerk to issue a second or "alias" writ of execution or garnishment summons. "Alias" refers to a former command of the same sort. Schmidt v.Schmidt, 89 P.2d 1020, 1021 (Mont. 1939). An alias writ is a second writ of the same kind issued when the first has failed of its purpose. In other words, it is a writ issued where one of the same kind has already been issued in the same cause, but has lost its force without having been effective. Schmidt at 1021.
 II. ANALYSIS OF APPLICABLE COURT CLERK FEE STATUTES
¶ 5 The next step in answering your question requires an examination of the Oklahoma statutes to determine whether a district court clerk is authorized to charge an additional fee for the issuance of a writ of execution and/or garnishment summons. In Oklahoma, district court clerks may not knowingly charge, over-charge or receive any fees without specific statutory authorization. Title 28 of the Oklahoma Statutes provides the statutory framework for the imposition and collection of fees for various public officers in Oklahoma, including county officers. Specifically, 28 O.S. 1 (1991) provides:
 The officers and persons herein mentioned shall be entitled to receive for their services only the fees herein allowed, and no other, except as may be otherwise required by law.
¶ 6 Title 28 O.S. 13 (1991) provides:
 Any public officer who shall knowingly charge, demand or receive any fees not provided by law, or who shall charge, demand or receive any greater fees than are provided in this article shall be deemed guilty of a misdemeanor, and shall, upon conviction, be fined in any sum not less than Five Hundred Dollars ($500.00) for each and every offense and shall forfeit his office and shall be barred from holding any office of trust in this State thereafter.
(Emphasis added.)
¶ 7 Title 28 of the Oklahoma Statutes provides for those fees which must be charged and received by district court clerks. Sections 28 O.S. 31 and 28 O.S. 151 et seq., of Title 28 establish several schedules which list the service fees, court costs and filing fees that district court clerks are specifically authorized to charge and collect. The schedules listed in Title 28 do not specifically provide for the issuing of an alias writ of execution or alias garnishment summons by a court clerk.
¶ 8 Title 28 O.S. 152 (1991) imposes a flat fee schedule
for the filing of certain actions or proceedings which must be collected by the district court clerk at the time of filing certain civil actions by a litigant. Specifically, 28 O.S. 152
states, in part:
 A. In any civil case filed in district court, the court clerk shall collect, at the time of filing, the following flat fees, none of which shall ever be refundable, and which shall be the only charge for court costs, except as is otherwise specifically provided for by law:
. . . .
10. Garnishment $10.00 11. Continuing Wage Garnishment $50.00 12. Any other proceeding after judgment $20.00
(Emphasis added.)
¶ 9 Title 28 O.S. 152.1 (1991) imposes a separate fee schedule for the performance of specified tasks in addition tothe flat fees provided for in the previous section. Specifically, 152.1 provides, in part:
 In civil cases other than those in the small claims division, the court clerk shall collect and deposit in the court fund the following charges in addition to the flat fee:
1. For posting notice and filing certificates required by $20.00 statute
2. For mailing by any type of mail writs, warrants, orders, $5.00process, command, or notice for each person
3. For the actual cost of all postage in each case in excess $5.00 of
4. For serving or endeavoring to serve each writ, warrant, $20.00order, process, command, or notice for each person in oneor more counties
5. For sheriff's fees on court-ordered sales of real or $50.00 personal property
6. When a jury is requested $50.00
7. For issuing each summons for each person $5.00
8. For services of a court reporter at each trial held in the $20.00 case
(Emphasis added.)
¶ 10 In Naylor v. Petuskey, 834 P.2d 439, 441 (Okla. 1992), the Oklahoma Supreme Court stated that the legislative intent gleaned from a reading of 152.1 in its entirety is that the court clerk shall charge a litigant for the performance of specified services which are not ordinary, routine services afforded every litigant and are not included in the initial filing fee. The Court further provided that "it is clear that the purpose of the fees is to defray the expense of performing specific tasks other than the filing and docketing of documents in a pending action." Naylor at 441 (emphasis added).
A. Alias Garnishment Summons
¶ 11 When the court clerk is performing specified services provided for by statute other than those involving routine filing and docketing, an additional fee shall be collected. Such is the case for the issuance of garnishment summons and alias garnishment summons pursuant to 28 O.S. 152.1(7) (1991). While the language included within subsection (7) does not specifically include the particular words "alias" or "garnishment," it is another fundamental rule of statutory construction that statutory words are to be understood in their ordinary sense, except when contrary intention plainly appears. 25 O.S. 1 (1991); SeeRiffe Petroleum Co. v. Great Nat. Corp. Inc., 614 P.2d 576
(Okla. 1980). Because no contrary intention plainly appears within 28 O.S. 152.1(7), we find that the adjective "each" indicates that the Legislature intended that a fee be collected for every summons issued by the court clerk including alias, regardless of type, which is issued by the district court clerk. See 25 O.S. 25 (1991).
B. Writs of Execution and Alias Writs of Execution
¶ 12 The same cannot be said for the initial issuance of a writ of execution and/or alias writ of execution. The issuance of a writ of execution or alias writ of execution is not specifically provided for in the aforementioned flat fee schedule in 152, nor is the issuance of such writs provided for under 28 O.S. 152.1.
Thus, we must look to the context of both sections in order to ascertain and give effect to the Legislature's intent regarding this issue. See Davis v. State, 300 P.2d 1000, 1010 (Okl.Cr. 1956).
¶ 13 The Legislature intended that a district court clerk must collect a flat fee whenever a litigant commences the postjudgment actions of garnishment, continuing wage garnishment and "any other proceeding after judgment." See 28 O.S. 152(A)(10) (1991), 28 O.S. 152(11) and 28 O.S. 152(12). As discussed hereinabove, execution is a postjudgment proceeding and therefore is included within 152(12). Title 12 O.S. 731 (1991) provides that "executions shall be deemed process of the court and shall be issued by the clerk. . . ." (Emphasis added.) In Oklahoma, the word process, in its general meaning, is synonymous withproceeding, and embraces the entire proceedings in an action from beginning to end. See Stearns v. State of Oklahoma, ex rel.Biggers, 100 P. 909, 914 (Okla. 1909). Because executions are deemed process of the court which statutorily must be issued by the court clerk, and, as discussed directly hereafter, are not specifically provided for in 28 O.S. 152.1, the issuance of writs of execution or alias writs of execution by the court clerk within the same proceeding must be included as routine and ordinary postjudgment services provided to every litigant under28 O.S. 152(A)(12) (1991).
¶ 14 The district court clerk must charge and collect fees for mailing writs pursuant to 28 O.S. 152.1(2), as well as serving or endeavoring to serve writs pursuant to 28 O.S. 152.1(4). In the construction of statutes, "shall" is usually given its common meaning of "must." It is interpreted as employing a command or mandate. Sneed v. Sneed, 585 P.2d 1363 (Okla. 1978). Because no contrary intention plainly appears within subsections (2) or (4) of 28 O.S. 152.1(2)/28 O.S. 152.1(4), we further find that these two provisions apply to alias writs as well. See Naylor
at 441.
¶ 15 Title 28 O.S. 152.1(7) (1991) mandates a charge for the issuance of summons, but makes no mention of writs. Had the Legislature intended that writs of execution be included within28 O.S. 152.1(7), it would have again included the particular word "writ" as it did in paragraphs (2) and (4) of 152.1. We do not find that a literal interpretation of 152.1(7) would lead to absurd consequences or great inconvenience. See Taylor v.Langley, 112 P.2d 411 (Okla. 1941). Thus, the literal import of the words used in 28 O.S. 152.1(7) (1991) must stand. It is presumed that the Legislature, in the statute, said what it meant and meant what it said. Darnell v. Chrysler Corp., 687 P.2d 132
(Okla. 1984).
¶ 16 Without specific statutory authorization, the district court clerk is not entitled to receive any fees in addition to the twenty-dollar ($20.00) fee charged pursuant to 28 O.S.152(A)(12) (1991) for each execution proceeding commenced. As stated above, this fee may include the issuance of a writ of execution and any subsequent alias writs of execution issued within the course of the same proceeding. We find that the district court clerk is not statutorily authorized to charge and collect an additional twenty-dollar ($20.00) fee for the issuance of any alias writs of execution under 28 O.S. 152(A)(12). However, upon the issuance of an alias writ of execution, the court clerk is specifically authorized to charge and collect an additional twenty-dollar ($20.00) fee "for serving or endeavoring to serve each writ" under 28 O.S. 152.1(4).
¶ 17 Therefore, we find that neither 28 O.S. 152 nor 28 O.S.152.1 of Title 28 provides that a district court clerk may charge and collect additional fees for the issuance of writs of execution or alias writs of execution. We do not find that a contrary legislative intent is plainly discernible from the provisions of these sections when considered as a whole. SeeMoser v. Liberty Mutual Insurance Company, 731 P.2d 406 (Okla. 1986).
¶ 18 It is, therefore, the official opinion of the AttorneyGeneral that the District Court Clerk must charge and collect anadditional fee for the issuance of each alias garnishmentsummons, pursuant to 28 O.S. 152.1(7) (1991). However, theDistrict Court Clerk cannot charge and collect an additional feefor the issuance of an alias writ of execution, in that such afee is not provided for by statute, and thus would be prohibitedby 28 O.S. 1 and 28 O.S. 13 (1991).
SUSAN BRIMER LOVING ATTORNEY GENERAL OF OKLAHOMA
BARRY K. KOONCE ASSISTANT ATTORNEY GENERAL
[1] A writ of execution is an order issued by the court clerk and directed to the sheriff of a particular county for levy upon the property of a judgment debtor. See Lee Way Motor Freight,Inc. v. Welch, 764 P.2d 191 (Okla. 1988). Levy is characterized as the actual seizure of the debtor's property by the sheriff.See 12 O.S. 734 (1991). "Lands, tenements, goods and chattels, not exempt by law shall be subject to the payments of debts, and shall be liable to be taken on execution and sold. . . ." 12 O.S. 733 (1991). Execution is the process issued by the court for the enforcement of a judgment or decree. LeeWay at 195 n. 13. See also Mount v. Trammel, 175 P. 232,234 (Okla. 1918). The purpose of execution is to enforce a judgment that has already been determined. Lee Way at 196 n. 16; Mount at 234 n. 13. Issuance of execution is not an independent action. Lee Way at 196 n. 16; Lahman v. Supernaw,47 F.2d 610 (N.D.Okla. 1931).
[2] Garnishment is in effect an attachment of all goods, chattels, claims and effects belonging or owing to a defendant/judgment debtor and held by some third person. Service of garnishment summons upon such third person as garnishee brings the property or money held by him and belonging or owing to the defendant judgment/debtor into the custody of the court as though an officer had taken actual possession of it. See Woods v.Amulco Products, 235 P.2d 273, 278 (Okla. 1951); Berry-BeallDry Goods Co. v. Adams, 211 P. 79, 87 Okl. 291 (Okla. 1922).
[3] The terms "garnishment" summons and "garnishee" summons appear to be used interchangeably in the Oklahoma garnishment statutes 12 O.S. 1172 (1991) et seq. Title 12 O.S. 1173
(1991) provides for the issuance of a garnishee summons by the court clerk upon the filing of a garnishment affidavit where the garnishment is on wages and earnings. Title 12 O.S. 1173.3
(1991) authorizes the court clerk to issue a garnishee summons if postjudgment garnishment is sought where the garnishment is not on wages and is not for the collection of child support.