No. 98-221

IN THE SUPREME COURT OF THE STATE OF MONTANA

1998 MT 250A

_____

WILLIAM R. MacPHEAT, )

)

Plaintiff and Appellant, )

)

v. ) O R D E R

)

PEGGY LEE SCHAUF, )

)

Defendant and Respondent. )

_____

On October 20, 1998, the Opinion of this Court in the above-entitled cause was filed. MacPheat v. Schauf, 1998 MT 250. On November 6, 1998, respondent filed her Petition for Rehearing. On November 13, 1998, appellant filed an answer memorandum to

respondent's petition.

After review of this Court's Opinion issued October 20, 1998, and having considered respondent's petition for rehearing as well as the response,

IT IS ORDERED:

1.  Paragraphs 17 through 19 of this Court's October 20, 1998 Opinion, MacPheat v. Schauf, 1998 MT 250 (Slip Op. at pp. 7-8) are hereby withdrawn and replaced with the following:

******************************

¶17 We conclude that the District Court erred in dismissing MacPheat's case. The parties do not dispute and the record clearly establishes that MacPheat caused two summons to issue against Schauf within one year of the commencement of the action. Thus, although MacPheat was unable to obtain service of the summons within one year, he complied with the requirement of Rule 41(e), M.R.Civ.P., that a summons be *issued* within one year of the commencement of an action. Schauf has misunderstood the meaning of *functus officio*. *Functus officio* means "having fulfilled the function, discharged the office, or accomplished the purpose, and therefore of no further force or authority," Black's Law Dictionary 673 (6th ed. 1990); it does not mean *void ab initio*. The timely issuance of MacPheat's summons did not become *void ab initio* because they were filed with returns indicating that service had not been obtained. Rule 41(e) does not require that a plaintiff even attempt service within one year of the commencement of an action; thus, MacPheat's attempt to obtain service is of no consequence under the one-year requirement of Rule 41 (e). We conclude that the District Court's dismissal of MacPheat's case is inconsistent with the overall scheme and purposes of Rule 41(e), M.R.Civ.P., and that it is incorrect as a matter of law.

¶18 We also conclude, however, that the District Court correctly denied MacPheat's motion to amend his original summons. When MacPheat's original summons was filed together with a return indicating that service had been attempted but not obtained, the summons became *functus officio* not with regard to its issuance but with regard to its further service. As such, the summons can no longer be amended. Thus, rather than seek amendment of such summons, MacPheat should have requested an additional summons pursuant to Rule 4C(1), M.R.Civ.P. *Compare* Montgomery Ward Co. v. District Court

(1944), 115 Mont. 521, 527, 146 P.2d 1012, 1015 (concluding that original summons returned after partial or defective service is *functus officio*) and Schmitz v. Vasquez, 1998 MT 314 (decided December 23, 1998) (recognizing amended summons issued after original summons surrendered *without* a proof or return of service).

¶19 We hold that when a party has caused a summons to issue within one year of the commencement of an action, he has complied with Rule 41(e). The fact that he or she is not successful in serving the summons within one year of the commencement of the action is of no consequence. A party may cause additional summons to issue pursuant to Rule 4C (1), M.R.Civ.P., and have three years from the commencement of the action to obtain service.

¶20 Reversed.

*******************************

2. In all other respects the petition for rehearing is DENIED. Let remittitur issue forthwith.

3. The Clerk is directed to mail true copies of this order to counsel of record for respondent and to appellant MacPheat personally.

DATED this 30th day of December, 1998.


/S/ W. WILLIAM LEAPHART

/S/ WILLIAM E. HUNT, SR.

/S/ JAMES C. NELSON

/S/ JIM REGNIER

/S/ TERRY N. TRIEWEILER