---

SAME v. SAME.

1.    Jurisdiction : ACKNOWLEDGMENT OF SERVICE OF SUMMONS BY NON-RESIDENT.    Where in an action to foreclose a mortgage on real estate, a summons was duly issued by the clerk and sent to the sheriff of J. county, Illinois, and endorsed by the defendant, "I admit service of the within summons this 29th day of August, 1877, at my residence in Jerseyville, Illinois," to which he appended his signature, *Held*, Sufficient to give the court jurisdiction.

2.    ———: AFFIDAVIT FOR SERVICE.    In such case, as it clearly appeared from the record that the defendant resided in another state, the failure to file an affidavit as required by section 78 of the code did not affect the jurisdiction.

REHEARING of foregoing case.

MAXWELL, CH. J.

The plaintiff moves for a rehearing in this case upon the following grounds:

"*First.* No foundation was laid to authorize service out of state, as required in *Blair v. West Point*, 7 Neb., 152.

"*Second.* The writ was directed to the sheriff of Otoe county, but was served by a person in Illinois, not thereunto authorized as required by § 68, code.

"*Third.* Service was made by reading, which is contrary to the requirements of § 69.

"*Fourth.* The officer to whom the writ was directed did not return it as required by § 71.

"*Fifth.* There is not 'an acknowledgment on the back of the summons' as required by § 72.

"*Sixth.* An admission is not an acknowledgment.

"*Seventh.* Service out of the state was not authorized, because *all* the defendants were not non-residents, as required by § 81.

"*Eighth.* Service out of the state is not actual service, but is constructive service only.

"*Ninth.* The judgment is contrary to law and should be reversed."

The service of summons and acknowledgment of service thereof are as follows:

"STATE OF ILLINOIS, COUNTY OF JERSEY, ss.

JERSEYVILLE, ILLINOIS, August 29th, 1877.

I have duly served this writ by reading the same to the within named P. D. Cheney, this 29th day of August, A.D. 1877.

J. M. YOUNG,
*Sheriff of Jersey county, Illinois.*"

Then appears the following:

"I admit service of the within summons, this 29th day of August, 1877, at my residence in Jerseyville, Illinois.

P. D. CHENEY."

Sec. 77 of the code provides that "Service may be made by publication in either of the following cases: *First*, in actions brought under the fifty-first, fifty-second, and fifty-third sections of this code (to recover possession of real estate, partition, foreclosure of mortgages of real estate, specific performance), where any or all of the defendants reside out of the state. *Second*, in actions brought to establish or set aside a will where any or all of the defendants reside out of the state. *Third*, in actions brought against a non-resident of this state, or a foreign corporation having in this state property or debts owing to them, sought to be taken by any of the provisional remedies or to be appropriated in any way. *Fourth*, in actions which relate to, or the subject of which is real or personal property in this state, where any defendant has or claims a lien or interest, actual or contingent therein, or the relief demanded consists wholly or partially in excluding him from any interest therein, and such defendant is a non-resident of the state or a foreign corporation. *Fifth*, in all actions where the defendant, being a resident of the state, has departed therefrom, or from the county of his residence, with intent to delay or defraud his creditors, or to avoid the service of summons, or keeps himself concealed therein with like intent."

Sec. 78 provides that "Before service can be made by publication, an affidavit must be filed that service of a summons cannot be made within this state on the defendant or defendants to be served by publication, and that the case is one of those mentioned in the preceding section, etc."

Sec. 81 provides for personal service of the summons out of the state, by the sheriff or some person appointed by him for that purpose.

In *Blair v. West Point Manufg. Co.*, 7 Neb., 146—an action to cancel a mechanic's lien and quiet the title to the

property in the plaintiff—and the defendant being a non-resident, it was held essential that an affidavit be filed setting forth that service of summons could not be made in the state on the defendant to be served. In that case the defendant made a special appearance and moved to quash the service of the summons.

The object of filing the affidavit is to show to the court that the subject matter is within its jurisdiction, but that some or all of the defendants are without the state and cannot be served with process therein. If, however, these facts appear on the record, it will be sufficient. In the admission of service in this case Mr. Cheney says it was "at my residence in Jerseyville, Illinois." This certainly was sufficient to show that he was a non-resident of the state and that service of summons could not be made on him therein. He thus had actual notice of the pendency of the action and could not open the decree under section 82 of the code, unless there was not sufficient time after the service of notice to appear and make his defense, of which there is no claim. He waits nearly eight years and then attempts to treat the entire proceedings as void, not because the action was not brought in the proper county, or that he had no notice of its pendency, nor because he did not admit service of the summons at Jerseyville, Illinois, but solely upon the ground that no affidavit that he was a non-resident was filed. This we think was unnecessary where the fact of non-residence otherwise appears. Every person is entitled to notice, either actual or constructive, before his rights can be barred, but the law favors diligence and requires a party having such notice to appear and assert his rights. The notice in this case therefore was sufficient, and the defendant is barred from maintaining the action. This disposes of all the objections named. A rehearing must be denied.

JUDGMENT ACCORDINGLY.

THE other judges concur.