Thomson, P. J.,
delivered the opinion of the court.
Suit by appellee against appellants on a promissory note. A paper in the form of a summons was attached to the complaint and was signed “E. I. Stirman.” A copy of the complaint and summons was delivered to the defendants on the 20th day of November, 1895, who indorsed upon the originals, and severally signed, an acceptance of service, a waiver of further service, and an entry of their appearance to the action. On the 80th day of November, 1895, the complaint and summons, together with the indorsement, -were filed in the county court. On the 10th day of December, 1895, the defendants moved the court to quash the service and the summons, because the summons was not in statutory form, and because it was not issued and signed by the clerk, or by any person purporting to be the plaintiff’s attorney. On the 11th day of January, 1896, the motion came on for hearing, *429 and was overruled; and on the same day default was taken against the defendants, and final judgment rendered against them for the amount which the note showed to he due. The case is in this court on appeal from that judgment.
By section 33 of the code, a summons in a civil action must he signed by the clerk, and issued under the seal of the court, or it must be signed and issued by the attorney for the plaintiff. The paper in question was not issued under the seal of the court, it was not signed by the clerk, and it did not purport to be issued or signed by the attorney for the plaintiff. The only errors alleged are the overruling of the motion to quash, and the entry of final judgment. The paper purporting to be a summons was not a summons, and the acceptance of service of that paper was not the acceptance of service of a summons. But it is entirely immaterial what was done with it, or with the service. The defendants were in court by virtue of their written entry of appearance, independently of summons or service of summons. Civil Code, secs. 44, 379.
The assignment of errors raises no question upon the regularity of the default, provided the defendants were in court. As we have seen, they were in court, and the judgment, the entry of which is assigned for error, was the legal consequence of the default.
The judgment will be affirmed.

Affirmed.