## PHILLIPS vs COREY.

Opinion delivered April 2, 1898.

*ummons—Acceptance of Service—Sufficiency—Motion to Quash.*

> The defendant Phillips was never served with summons. His co-defendant was. The Marshal sent Phillips a copy of the summons, by mail with the request that he accept service. Phillips replied accepting service and asking when the case would be tried. He afterwards filed a motion to quash the summons because he had never been served and because his acceptance of service was not endorsed on the summons and attested by witness. He admitted in open court that he had signed the acknowledgement of service. *Held,* That such acknowledgement was sufficient without being endorsed on the summons and attested by a witness.

Appeal from the United States Court for the Central strict.

YANCEY LEWIS, Judge.

Suit in forcible entry and detainer by James Corey ainst T. J. Phillips. Judgment for plaintiff. Defendant peals. Affirmed.

This action was brought in the United States court, ting at South McAlester, on the 27th day of March, 1896, which date the complaint of the plaintiff was filed in the rk's office of the clerk of said court, and is an action of cible entry and detainer. On the 27th day of March, 1896, ummons was issued from the office of said court against said defendant. The return made by the marshal on this nmons is as follows:

"Marshal's Return. United States of America, In
dian Territory, Central District—ss.: I received this sum
mons this 27th day of March, A. D. 1896, at 5:20 o'clock p
m., and served same by copy as follows: At the residenc
of Elijah Whittington, at South McAlester, Ind. Ter., thi
3d day of April,1896. at 1:30 o'clock p. m., by leaving copy o
this summons with a member of defendant's family, over 1
years of age, there residing. J. J. McAlester, U. S. Mai
shal, Indian Territory, Central District, by E. L. Garner
Deputy."

This seems to be the only return, as such, made b
the marhal, but attached to the summons was a lette
which reads as follows:

"South McAlester, Ind. Ter., 4—2—96. T. J. Phi
lips, Esq., South Canadian, I. T.—Dear Sir: Please l
kind enough to accept service in the case of James Corey v
T. J. Phillips et al. If this is in accordance with you
wishes, please signify the same by return mail. Ver
truly, J. J. McAlester, U. S. Marshal, by E. H. Doyl
Deputy.

"I accept service in above case. When will it
tried? T. J. Phillips."

On the 15th day of April, 1896, the defendants a
peared specially, and filed their motion to quash the sui
mons issued in this case, for the reason that the same w
not issued according to law; and defendant T. J. Philli
further moved the court to quash the return on the sui
mons as to him, which motion is as follows:

"James Corey, Plaintiff, vs T. J. Phillips and Elij
Whittington, Defts, Motion. The defendants, appeari
specially, and for the purpose of this motion alone, mo
the court to quash the summons herein, for the reason th

he same is not issued according to law. Defendant T. J. Phillips further moves the court to quash the return on the summons herein as to him, for the reason that said return is not according to law. Stuart, Gordon & Hailey, Attorneys for Defendants."

On the 5th day of October, 1896, the said motion came on to be heard by the court, and was overruled, to which ruling of the court defendants excepted, and refused to appear further; and a jury was impaneled, and, the plaintiff having introduced his evidence, judgment was rendered in his favor for the possesston of the premises sued for, and for the costs of this action.

Afterwards, on the 7th day of October, 1896, the defendant T. J. Phillips filed his motion to set aside the verdict and judgment rendered on the 5th day of October, which motion is as follows:

"James Corey, Plaintiff, vs T. J. Phillips et al., Defendants. Comes now the defendant T. J. Phillips, and move the court to set aside the verdict and judgment in this case heretofore, on the —— day of October, 1896, rendered, for the following reasons: That the court erred in overruling the motion of the said defendant to quash the return on the summons in this cause. Stuart, Gordon & Hailey, Attorneys for T. J. Phillips."

On the 10th day of October, 1896, said motion came to be heard, and was by the court overruled, and an appeal allowed herein.

*Stuart, Gordon & Hailey,* for appellants.

*Jackson, Cole & Redwine,* for appellee.

SPRINGER, C. J. (after stating the facts).    Only tw
errors are assigned by the appellants in this case: First
that the court erred in overruling the motion of T.  J.  Phil
lips, defendant below, to quash the return of the marsha
on the summons; second, that the court erred in  overrulin
the motion of the said T. J. Phillips, praying that the judg
ment entered in this case be set aside, and a new tri
granted.

While the record discloses the fact that appellant
moved to quash the summons, for the reason that it was no
issued according to law, yet counsel for appellants do n
contend that the overruling of this motion was error.    Th
defendant, T. J. Phillips, appeared specially, for the sol
purpose of submitting the motion just stated, and also
move the court to quash the return on the summons as
him, for the reason that said return is not according to  la
The summons as to the co-defendant of Phillips was prope
ly issued and served, so that the court had jurisdiction as
him.    It appears, however, that he declined to interpo
any defense to the plaintiff's action in the  court  below.
he had appeared, the rights of both him and  his  co-defen
ant could have been secured by his appearance and  defens
The contention of counsel for appellants is that the ma
shal's return on the summons as to T. J. Phillips was not
accordance with law.    It appears, however, from an exam
nation of the record in the case; that the marshal did n
make any return as to Phillips.    He simply wrote him
letter in which he requested him to accept service in t
case, and on the letter were indorsed the words:  "I acce
service in above case.    When will it be tried?  [Signed]
J. Phillips."    The record discloses the fact that Philli
acknowledged in open court, at the time  he  appear
specially to make his motion to quash the return, that
did receive the letter indicated, from the marshal, and th
he wrote his acceptance as indicated, and signed his na

o it.   Counsel for appellants insist that this acceptance is not in accordance with the provisions of Mansfield's Digest Ark. § 4978, which provides that service of summons may be acknowledged by the defendant by an indorsement upon the summons signed and dated by him, attested by a witness, and that the affidavit of such witness shall be proof of the service.   There was no necesity for the affidavit of a witness in the case at bar.   The appellant Phillips appeared specially in court, and acknowledged that the acceptance of service was in his handwriting, and that he had signed his name thereto.   Counsel insist, however, that this acceptance must have been indorsed upon the summons.   It does not appear from the evidence in his case that a copy of the summons accompanied the marshal's letter, but it is plainly inferable from the text of the marshal's letter and the acceptance thereon that a copy of the summons did accompany the marshal's letter.   However this may be, appellant Phillips was informed of the title of the case, and over his own signature, which he acknowledged in open court to be genuine, he accepted the service.   The court, in overruling his motion to quash the return, did not prejudice appellant Phillips' substantial rights.   He was notified of the pendency of the suit.   He accepted the service which the marshal requested him to accept, but qualified his appearance by stating that it was made for the sole purpose of moving to quash the return.

We are of the opinion that appellant Phillips accepted service in this case in such a manner as required him to take notice of the pendency of the suit, and to appear and make defense thereto, if he had any defense to submit.   His co-defendant had no excuse or even a pretext to refrain from defending the action.   We may assume, under such circumstances, that the appellants had no meritorious defense to the action, and that their present appearance is for the purpose of taking advantage of the merest technicalities,   Their

substantial rights have not been prejudiced, and no undue advantage has been taken of them. The judgment of the court below is therefore affirmed.

CLAYTON, THOMAS, and TOWNSEND, JJ., concur.