CHARLES E. GORMAN *vs.* JAMES W. STILLMAN *et al.*

PROVIDENCE—FEBRUARY 21, 1903.

PRESENT: Stiness, C. J., Tillinghast and Douglas, JJ.

(1) *Executors and Administrators. Courts. Jurisdiction. Agents. Service of Process on non-resident Executor.*

A bill in equity was brought for the purpose of obtaining an equitable lien on a fund in the hands of B., as executor, belonging to C. B. was a non-resident executor, and the subpœna was served on D. the agent of B. in this State:—

*Held,* that, under the provisions of Gen. Laws cap. 212, § 45, service of process upon D. had the same legal effect as if made on B., personally, in this State:—

*Held,* further, that B., by accepting the office of executor, became subject to the laws of this State in the premises.

(2) *Courts. Jurisdiction. General and Special Appearance.*

A bill in equity containing a motion for a preliminary injunction was filed, and the subpœna contained a notice of the motion. February 11, a general appearance for respondent was entered by attorney. February 28, motion for injunction was heard, and a decree to which respondent's counsel assented in writing was entered. The fund sought to be reached by the bill belonged to respondent, and was within the jurisdiction of the court. Respondent had personal notice of the commencement of the suit, in accordance with Gen. Laws cap. 240, § 20. Subsequently, respondent entered a special appearance for the purpose of moving to dismiss for want of jurisdiction:—

*Held,* that, by the general appearance entered by respondent, the court had obtained jurisdiction of his person, and it was too late to raise the objection thereafter.

BILL IN EQUITY. For statement of facts see 24 R. I. 264, and rescript filed October 24, 1902. Heard on motion to dismiss for want of jurisdiction, and motion denied.

TILLINGHAST, J.   Upon the trial of this case on the merits, in October last, the court decided that the complainant was entitled to an equitable lien upon the fund in the hands of the respondent George G. Stillman, executor, belonging to the respondent James W. Stillman, for the amount of the order given by the latter to the complainant on the said executor, July 11, 1901, to wit, for the sum of $500.   See rescript filed October 24, 1902.

(1)   The respondent James W. Stillman then moved for a reargument of the cause on various grounds, amongst which were the grounds (1) that the court was without jurisdiction in the case, for the reason that there was no seizure of the property involved in the suit, and hence it was not a proceeding *in rem;* (2) that the court was without jurisdiction, because the property sought to be reached by the bill was *in custodia legis*—that is, under the control of the Probate Court of Westerly, and therefore not subject to the order of this court; and (3) because no legal service of process had been made upon said respondent in Rhode Island.

Upon consideration of all the grounds relied upon in support of said motion for reargument, the court denied the same; whereupon the respondents again moved for the dismissal of said suit on the ground that the court was without jurisdiction therein, and this motion is now before us.

The respondent James W. Stillman, who is a member of this bar, but who resides in Boston, vigorously and persistently contends, in argument and in an elaborate brief, that, as the respondents are both non-residents of this State and have not been personally served with process in this State, the court has obtained no jurisdiction over them; and hence that the judgment which it has rendered in the case is a nullity.

If the jurisdiction of the court depended solely upon the personal service which was made on the respondent James W. Stillman in Massachusetts, we might not question the correctness of the claim now advanced.   But it does not.   In the first place, it appears, both by the bill and answer, that at the time the bill was filed there was quite a large sum of money in the hands of the respondent executor in this State belong-

ing to the respondent James W. Stillman. And the bill was brought to obtain an equitable lien on said sum, in order that so much thereof as was necessary to pay the complainant's claim might finally be applied thereto. It also appears that, said George G. Stillman being a non-resident executor, the subpœna issued in the case was served upon Albert B. Crafts, of Westerly, the agent of the executor residing in this State.

Under the provisions of Gen. Laws R. I. cap. 212, § 45,[1] service of the process upon the agent of the respondent George G. Stillman had the same legal effect as if made on him personally in this State. And of course it goes without saying that, by accepting the office of executor of the will referred to in the former opinion (see 24 R. I. 264), the respondent became subject to the laws of this State in the premises.

It further appears that the bill which was filed in court January 25, 1902, contained a motion for a preliminary injunction; and that the subpœna, which was made returnable on February 1, 1902, contained a notice of this motion.

On February 11, 1902, a general appearance for the respondents was entered by Arthur P. Sumner, Esq., a well-known member of this bar, and on February 28, 1902, the motion for preliminary injunction was heard, and a decree, to which the respondents' counsel assented in writing, granting the same, was entered. And up to this time no claim was made by the respondents, or either of them, so far as the record shows, that the court was without jurisdiction in the premises. But even if the motion to dismiss had been made immediately after service of process, it must have been denied, because the service

---

[1] "Every executor, administrator or guardian, appointed in, but residing out of, the state, shall, before entering upon the duties of his trust, in writing appoint an agent residing in this state, and shall by such writing stipulate and agree that the service of any legal process against him as such executor, administrator or guardian, if made on, or acknowledged by, said agent, shall be of the same legal effect as if made on himself personally within this state. Such writing shall give the proper address of such agent, and shall be filed in the office of the clerk of the probate court by which such appointment was made and the notice of appointment of such executor, administrator or guardian, shall state the name and address of his agent."

upon the agent of the non-resident executor undoubtedly gave jurisdiction to this court.

In view of these facts, and particularly in view of the fact, above set out, that service of process was duly and regularly made upon the agent, in this State, of the respondent George G. Stillman, executor, the motion to dismiss for want of jurisdiction as to him is wholly without merit.

(2)   We are also of the opinion that the motion is without merit as to the respondent James W. Stillman.

The fund sought to be reached by the bill belonged to him; it was within the jurisdiction of this court, and hence his rights therein could be dealt with and adjudicated by it.   He had personal notice of the commencement of the suit, in accordance with the provisions of Gen. Laws R. I. cap. 240, § 20;[1]   he entered a general appearance therein by his attorney, and by him assented in writing to a preliminary decree;   he was a witness in his own behalf at the trial of the case on the merits, and was fully heard in his defence.   And, therefore, notwithstanding the fact that subsequent to the time of his entering a general appearance as aforesaid he entered a special appearance for the purpose of moving to dismiss the suit for want of jurisdiction, as did also the other respondent, we think it is clear that, by first coming in, as aforesaid, this court obtained full jurisdiction of the case and the parties thereto.

That jurisdiction of the person is obtained by his voluntary appearance, either in person or by attorney, there can be no doubt.   Am. and Eng. Ency. of L. 2nd ed. vol. 17, pp. 1063–4. And, having once appeared generally, we understand the ordinary rule to be that objection cannot subsequently be raised to the jurisdiction as to the person of the party thus appearing.

---

[1] "Whenever any defendant in a suit in equity resides or is without the state, the complainant may take out as many subpœnas to the defendant as he may deem proper, and may have one of them served upon such defendant, personally, by any disinterested person, which person shall make affidavit of the service thereof, and of the manner in which, the time when, and the place where, the service was made; or the service thereof may be made by the admission of such service by the defendant on the back of the subpœna, and by his acknowledgment thereof before some officer authorized to administer oaths."

Thus, in *Michels* v. *Stork*, 44 Mich. 2, cited by the respondent in his brief, the court held that a general appearance would confer jurisdiction.   The general appearance in that case, however, was coupled with a motion to dismiss for want of service; and hence the court held that as thus modified it did not give jurisdiction.   In the case at bar, as already seen, the first appearance was not coupled with any motion or suggestion regarding want of jurisdiction, and hence it must be construed to be a general appearance.   Ency. Pl. and Pr. vol. 2, p. 597.

The case of *Charter Oak Bank* v. *Reed*, 45 Conn. 391, cited by respondent, is not in point for the reason that there, although there was a general appearance by the defendant in the lower court, that court subsequently, on motion of the defendant, permitted him to file a plea in abatement for want of jurisdiction. And the Supreme Court of Errors held, and very properly, that it was within the discretion of the lower court to allow the plea to the jurisdiction to be thus filed.

Of course, we fully agree with the position taken by the respondent—that if the court should be convinced that it has no jurisdiction over the suit it ought to dismiss the same at any stage of the proceedings.   For, as said by Stiness, C. J., in *Hazard* v. *Coyle*, 22 R. I. 435:  "When a court has no jurisdiction of a cause, it should stop at any point where the fact appears."

Indeed, the court of its own motion should do this, because jurisdiction is the primary and indispensable thing in all judicial proceedings.   See *Wood* v. *Helme*, 14 R. I. at p. 329.   But for the reasons above given, we are clearly of the opinion that the court had full jurisdiction in the case at bar; and hence the respondents' motion to dismiss for want of jurisdiction is again, and finally, denied.

*Charles E. Gorman*, for complainants.

*James W. Stillman*, respondent, for himself.