HAGGERTY, Appellant, *v.* SHERBURNE MERCANTILE
CO. et al., Respondents.
No. 8691
Resubmitted October 21, 1947. Decided November 3, 1947.
186 Pac. (2d) 884

Messrs. Hall & Alexander, of Great Falls, for appellant.
Messrs. Murrills & Frisbee, of Cut Bank, for respondents.

MR. CHIEF JUSTICE ADAIR delivered the opinion of the Court.

On May 27, 1946, the district court of Glacier county, Montana, on motion of the defendant Sherburne Mercantile Company, made an order setting aside defendants' default, vacating the judgment rendered against defendants ten years before, and ordering the action dismissed for want of jurisdiction. From that order plaintiff has appealed.

*Jurisdiction.* Jurisdiction as applied to a particular controversy is the power to hear and determine that controversy. Reed v. Woodmen of the World, 94 Mont. 374, 22 Pac. (2d) 819, 821.

Three things are essential to the jurisdiction in any case: First, the court must have cognizance of the subject-matter of the action; second, the proper parties must be before the court; and third, the action of the court must be invoked by proper pleadings.

*Jurisdiction over the subject matter.* By jurisdiction over the subject matter is meant the nature of the cause of action and the relief sought. Jurisdiction of the subject matter is conferred only by the Constitution and the laws.

On August 11, 1932, the plaintiff, Grace Goss Haggerty, through her counsel, G. S. Frary, Esq., of Cut Bank, filed in the district court of Glacier county, Montana, her duly verified complaint against the defendants, Sherburne Mercantile Company, a Montana corporation, and Otto J. Hartwig, an individual, under the provisions of sections 9479-9489, Revised Codes of

Montana 1935, seeking judgment to determine the adverse claims of the defendants to certain lands in Glacier county, Montana, of which plaintiff claims to be the owner in fee simple.

Section 11 of Article VIII of the Constitution of Montana ▆▆ and section 9479, Revised Codes of Montana, confer upon the district court of Glacier county jurisdiction of the subject matter of this action involving the title of real property situate in such county.

The complaint herein states all the ultimate facts essential to state a good cause of action under sections 9479-9489, supra. Thus did the plaintiff properly invoke the action of the district court by the methods established by law for judicial procedure and thus did that court acquire jurisdiction over the subject matter of the action.

*Jurisdiction over the Person.* Jurisdiction over the person is ▆▆ properly exercised when the party to be acted upon is before the court, either constructively or in fact. Jurisdiction of the defendant may be acquired by various means. It may be compelled by the action of the plaintiff, or, it may be voluntarily conferred by defendant's consent and submission to the court.

Summons was issued herein on August 11, 1932, at the time ▆▆ the complaint was filed. Section 9110, Revised Codes, provides that the "summons may be served by the sheriff of the county where the defendant is found, or by any other person over the age of eighteen, not a party to the action." Subdivision 1 of section 9111, Revised Codes, provides that if the suit is against a corporation formed under the laws of this state the summons must be served by delivering a copy thereof "to the president or other head of the corporation, secretary, cashier, or managing agent thereof." When the summons is served by the sheriff he is required to *make return* thereon,—the *return* being merely a short statement in writing *made* by the officer under his official oath certifying what has been done in serving the summons. See Montgomery Ward & Co. v. District Court, 115

Mont. 521, 146 Pac. (2d) 1012; Kingsbury v. Buchanan, 11 Iowa 387, 391; Strandberg v. Stringer, 125 Wash. 358, 216 Pac. 25, 26; Horton v. Kansas City, Ft. S. & G. R. Co., 26 Mo. App. 349, 355; Davis v. Reaves, 75 Tenn. 585, 589; Aultman v. McGrady, 58 Iowa 118, 12 N. W. 233.

Five days after suit was instituted the defendant Sherburne Mercantile Company took cognizance of the action and retained George E. Hurd, Esq., an attorney-at-law of Great Falls, Montana, to handle the case for defendants and, in writing, authorized Mr. Hurd to appear in the action and to "admit service for the Sherburne Mercantile Company and Otto J. Hartwig." By authorizing their counsel to "admit service for" them the defendants voluntarily waived compliance with the provisions of the Codes providing for personal service of summons on each defendant. Subds. 1 and 6 of section 9111, Rev. Codes.

On the sixth day, after the commmencement of the action, defendants' counsel, Mr. Hurd, gave written notice to plaintiff's counsel, Mr. Frary, of the authority so conferred upon him by defendants and further wrote: "If you will send me the summons and copy of complaint, I will make admission of service." Thus did defendants, through their counsel, direct the manner in which they desired summons served and notice of the action given, thereby waiving the manner and form óf service of summons and return made thereon provided for in actions 9110 and 9111, Revised Codes.

Copy of complaint and summons were sent to defendants' counsel, Mr. Hurd, on October 8, 1932, as he had directed, and on October 12, 1932, in a letter to. plaintiff's counsel, Mr. Hurd admitted that he had received such copies and agreed to file an answer on behalf of the defendants and thus submit to the jurisdiction of the court. Such letter constitutes a written admission of defendants, made by and through their counsel, that summons and a copy of the complaint herein had been delivered to said counsel, Mr. Hurd, he being the person designated by defendants to admit service and to appear in the action for

them. Defendants' written admission of service has the same legal effect as personal service of the summons and a copy of the complaint upon defendants made in the manner and form provided in subdivisions 1 and 6 of section 9111, Revised Codes, had compliance with such provisions not been waived by defendants.

Such *admission of service made* in counsel's letter serves the same purpose as the *return made* on a summons served by the sheriff. In one case the *return made* by the sheriff supplies the proof of the service of summons and complaint, subd. 1, sec. 9122, Rev. Codes, and in the other case the *written admission* of the defendant supplies such proof, subd. 4 of sec. 9122, Rev. Codes. See also, Hendrix v. Fuller, 7 Kan. 331; Cheney v. Harding, 21 Neb. 65, 31 N. W. 255; Id., 21 Neb. 68, 32 N. W. 64.

The court is deemed to have acquired jurisdiction of the ██ parties from the time of the service of summons and a copy of the complaint in a civil action, sec. 9123, Rev. Codes. The *written* admission of defendants evidences the fact that plaintiff fully complied with defendants' directions by causing copy of the summons and copy of the complaint to be delivered to the agent selected, appointed and empowered by defendants to appear in their behalf and to "admit service for" them. Sec. 9122, subd. 4 and sec. 9123, Rev. Codes; Smith v. Moore Mill & Lbr. Co., 101 Cal. App. 492, 281 Pac. 1049; Berry v. Berry, 60 N. D. 353, 234 N. W. 520. The summons which defendants admit having received on October 12, 1932, summoned the defendants to answer the complaint in this action and to file their "answer within twenty days after the service of this summons, exclusive of the day of service" under penalty of having judgment taken against them by default, sec. 9107, Rev. Codes. Defendants failed to make their promised answer and on November 3, 1932, were in default.

In March 1933, when defendants had been in default for some four months, plaintiff's counsel wrote defendants' counsel about the matter and in reply defendants' counsel, in a letter dated

March 11, 1933, wrote: "Dear Mr. Frary: Your letter dated March 5th, relative to filing answer in the above entitled case, has been received. I am just getting to. the point where I am out of jams for a little while. *I trust that I will be able to get this answer prepared sometime next week.* In looking over the file I find that I may require some additional information, but *I will endeavor to get it, and get the case at issue.*" (Emphasis supplied.)

Defendants failed to keep the promises and representations made in Mr. Hurd's letters of October 12, 1932, and March 11, 1933, supra, and no answer was made to plaintiff's complaint.

In December, 1935, the law firm of Hall and McCabe succeeded Mr. Frary as plaintiff's counsel in this action, and on December 26, 1935, plaintiff, through her new counsel, caused defendants' default to be entered upon filing in the office of the clerk of court the original summons with copies of Mr. Hurd's letter of August 17, 1932, and Mr. Frary's letter of October 8, 1932, attached.

Mr. Hurd's letters to Mr. Frary dated August 13, August 17, and October 12, 1932, and March 11, 1933, and a copy of Mr. Frary's letter to Mr. Hurd dated October 8, 1932, were filed in the cause and, on February 19, 1936, the court heard evidence on behalf of plaintiff and rendered judgment for her.

Two days later plaintiff gave written notice of the entry of the judgment of February 19, 1936, to defendants and to their counsel, the notice being given directly to the defendant Sherburne Mercantile Company as well as to its counsel, George E. Hurd, Esq.

Three weeks later (March 11, 1936), upon his application therefor, the complete court files containing all the papers mentioned above, were forwarded to Mr. Hurd at Great Falls and there the matter rested with the judgment standing wholly, unchallenged for more than nine years and ten months after it was docketed.

*Motion to Vacate and Dismiss.* On January 12, 1946, the

defendant Sherburne Mercantile Company, through new and different counsel, namely, Lloyd A. Murrills, Esq., of Cut Bank, filed in the district court a motion to set aside the order of default of December 26, 1935, to vacate the judgment of February 19, 1936, and to dismiss the action, contending that the district court was without jurisdiction herein. An order to show cause issued on said motion, to which plaintiff made a verified response and the defendant Sherburne Mercantile Company filed a reply.

On March 5, 1946, the defendant Sherburne Mercantile Company filed a motion invoking the jurisdiction of the district court to strike from its files the original letters from defendants' counsel, Hurd, to plaintiff's counsel, Frary, dated August 13, August 17, October 12, 1932, and March 11, 1933, together with the copies thereof and also to strike from the files copies of the letter dated October 8, 1932, from Mr. Frary to Mr. Hurd which accompanied the copies of complaint and summons when same were forwarded to Mr. Hurd and on April 10, 1946, the district court made its order denying defendants' said motion to strike.

In 2 Bancroft's Code Practice and Remedies it is said: "If a party wishes to insist that he is not in court, he must keep out for all purposes except to make that objection, that is to say, he must appear for the sole purpose of objecting to the exercise of jurisdiction over his person. He cannot simultaneously appear both specially and generally in the same proceeding, since the latter waives the former." P. 1175, sec. 800. "A motion raising no question of jurisdiction over the person, or raising both jurisdictional and nonjurisdictional questions, is a general appearance." P. 1183, sec. 805, notes 8 and 9. "A general appearance may be made after as well as before judgment." P. 1189, sec. 813. "It is a well settled rule, laid down in numerous cases and sometimes embodied in code provisions, that a voluntary general appearance is a waiver of the issuance or service of summons and consequently of any defects or irregu-

larities therein. This is true, * *.* whether the party appears before or after judgment." Pp. 1192, 1193, sec. 815, notes 8 and 9. See also sec. 9123, Rev. Codes of Montana 1935.

"Process is employed only to obtain jurisdiction over the person of the defendant. Its only purpose is to bring him into court, and when he makes a general appearance the summons ceases to have any function and any defects in it or in the proceedings by which it was obtained become immaterial. Objections to the return of summons are waived by a general appearance. The same is true as to a failure to file a return of summons within the required time." 2 Bancroft's Code Practice & Remedies, p. 1194, sec. 815, notes 14-16.

In Gravelin v. Porier, 77 Mont. 260, 274, 250 Pac. 823, 826, this court said: "In fact, any act which recognizes the case as in court constitutes a general appearance, and even in the face of a declared contrary intention, a general appearance 'may arise by implication from the defendant seeking, taking, or agreeing to some step or proceeding in the cause beneficial to himself or detrimental to the plaintiff,' other than one contesting only the jurisdiction of the court, 4 C. J., p. 1333." See also 3 Am. Jur., Appearances, pages 787, 788, sec. 10.

On May 27, 1946, the district court, after hearing evidence on behalf of plaintiff in opposition to defendants' said motion of January 12, 1946, made an order setting aside defendants' default, vacating the judgment and dismissing the action.

*Grounds of Motion to Vacate and Dismiss.* Defendants' motion to set aside the order for default, to vacate the judgment and to dismiss the action was based upon various contentions, namely: (1) "That the summons was not served at all"; (2) that "the court was without any jurisdiction whatever over the defendants or either of them"; (3) that if the court had acquired jurisdiction over the defendants it had lost same in "that the Summons was not served within three years and return thereof made within three years after the commencement of the action and no appearance was made by either of the defendants within

three years after the commencement of the action or at all as re-- quired by section 9317, part 7, of the Revised Codes of 1921 and 1935'' and (4) that ''the original summons has been returned to the court and has never been served and the time within which an alias summons may be issued, as provided in Section 9108 of the Revised Codes of 1921 and 1935, has expired.''

The foregoing contentions of the defendant Sherburne Mercantile Company will be examined in inverse order.

*Section 9108, Revised Codes, Inapplicable.* Section 9108, Revised Codes of Montana 1935, provides for the issuance of alias summons in cases where the original summons has been lost or where it ''is returned without being served on any or all of the defendants, or part of defendants.'' The summons herein was not lost nor do any of the other conditions specified in said statute obtain for which reason no alias summons was needed nor does section 9108, Revised Codes, supra, have any application whatever.

*Waiver.* Section 9106, Revised Codes, expressly provides that ''at any time within one year after the complaint is filed, the defendant may, in writing, * * * waive the issuing of summons.'' ''Such waiver or any other voluntary general appearance dispenses with the necessity for the issuance or service of summons.'' 2 Bancroft's Code Practice & Remedies, p. 1162, sec. 788; note 6.

On August 16, 1932, being five days after the complaint was filed herein, the defendant Sherburne Mercantile Company, through its president and general manager, wrote a letter to its counsel, George E. Hurd, Esq., stating: ''My dear Mr. Hurd: In reply to yours of the 13th inquiring whether or not you are authorized to handle the Grace Goss Haggerty case *and appear in our behalf and admit service* for the Sherburne Mercantile Company and Otto J. Hartwig, this is your authority to do so. * * *'' (Emphasis supplied.)

The purpose of serving a summons is to give notice to the defendant and thereby afford him the opportunity to de-

fend himself or his property—an essential to due process of law. As service of process affects only jurisdiction over the person, it may be waived. State ex rel. Murphy v. District Court, 99 Mont. 209, at pages 212, 213, 41 Pac. (2d) 1113.

*Section 9317, Revised Codes, Inapplicable.* Section 9317, Revised Codes of Montana 1935, enumerates the cases where an action may be dismissed or a judgment of nonsuit entered. Subdivision 7 of section 9317, Revised Codes, provides for dismissal of the action by the court "unless summons shall have been issued within one year, and served and return made within three years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said three years."

*Summons Issued.* Summons was issued herein on the day the suit was filed, being well "within one year * * * after the commencement of said action." Subd. 7 of sec. 9317, Rev. Codes.

*Summons Served.* The summons herein was not served upon the defendant Sherburne Mercantile Company by delivering a copy thereof "to the president or other head of the corporation, secretary, cashier, or managing agent thereof" as provided in subdivision 1 of section 9111, Revised Codes, for the reason that five days after the action was instituted said defendant authorized its counsel, Mr. Hurd, to "appear in our behalf and admit service for the Sherburne Mercantile Company" pursuant to which authority defendants' said counsel, on the following day (August 17, 1932) by letter to plaintiff's attorney gave the plaintiff written notice, stating: "Dear Mr. Frary: I am authorized *to admit service* in Hagerty vs. Sherburne Mercantile Company, et al. on behalf of the Sherburne Mercantile Company * * *. If you will send me the summons and copy of complaint, *I will make admission of service.*" (Emphasis supplied.)

This is *a* method of making appearance. Section 9782, Revised Codes, inter alia, provides: "A defendant appears in an action when he answers, demurs, or *gives the plaintiff written notice of his appearance, or when an attorney gives notice of*

*appearance for him,* or has such appearance entered in open court." (Emphasis supplied.) See Cornell University v. Denny Hotel Co., 15 Wash. 433, 46 Pac. 654, construing a like statute. Also see Locey v. Sterling Motor Truck Co., 102 Pa. Super. 148, 156 A. 730, 733.

The *"admission of service"* authorized by the defendant Sherburne Mercantile Company, which its counsel in his letter of August 17, 1932, promised to "make," is the "admission" provided for in subdivision 4 of section 9122, Revised Codes, which, in law, constitutes due and legal "proof of the service of summons and complaint." Sec. 9122, Rev. Codes.

Copy of complaint and summons was delivered to defendants' counsel as he had directed and counsel made written admission of such delivery as follows:

"George E. Hurd
"Attorney and Counselor
"Suite 517 Strain Building
"Great Falls, Montana.

"Sherburne Mercantile Co.
"Grace Goss Haggerty v.
"October 12, 1932.

"Mr. Gerald S. Frary
"Cut Bank, Montana
"Dear Mr. Frary:

*"Your letter* dated October 8th, *inclosing copy of complaint and copy of summons in the above entitled matter has just been received.*

*"I will file an answer on behalf of Sherburne Mercantile Company and Otto J. Hartwig in this case as soon as I can get to it.*

"I find that shortly after your letter of August 12th was received, I procured authority to appear on behalf of Sherburne Mercantile Company, and advised you to that effect on August 17th. I now have authority to appear on behalf of Otto J. Hartwig.

"It may be that there will be some delay in my preparing the answer herein, owing to the fact that I am very much crowded with preparation of complaints and answers, and of disposing of them as rapidly as possible.

"*You may rest assured,* however, *that I will not unduly delay the filing of the answer.*

"Yours truly,

"GEH :RT Geo. E. Hurd."

(Emphasis supplied.)

Thus, in the exact manner designated by defendants, were copies of summons and complaint delivered to defendants' duly appointed agent and by him accepted and acknowledged, all within three months after the filing of the complaint herein and well "within three years after the commencement of said action" as provided for in subdivision 7 of section 9317, Revised Codes, supra.

"Compliance with the formalities attending service of process may be dispensed with by securing from the party to be served an acceptance or acknowledgement of service. Generally, when process is accepted within the jurisdiction of the court, it is sufficient to confer jurisdiction to pronounce judgment." 42 Am. Jur., Process, p. 31, sec. 33.

In Gallagher v. Motors Finance Corp., 105 Pa. Super. 355, 161 A. 587, the defendant's attorney accepted service of plaintiff's claim. The court said: "It was not necessary for defendants' attorney to appear by formal entry on the docket. His acceptance of service, as attorney for the defendants, of the original statement of claim is equivalent to an appearance, unless set aside by proof of lack of authority." See also Livingston v. Gibbons, 4 Johns. Ch., N. Y., 94; Salina Nat. Bank v. Prescott, 60 Kan. 490, 57 Pac. 121; Wooden v. Wooden, 113 Okl. 81, 239 Pac. 231.

*Proof of service.* The *written admission made* by defendants, subd. 4, sec. 9122, has the same legal effect as a *return made* by the sheriff when summons has been served by him, subd. 1, sec.

9122. Each writing constitutes proof of the same fact, namely: "Proof of the service of summons and complaint." Sec. 9122. The voluntary "written admission made" by defendants two months and one day after this suit was instituted is equivalent to "return made," subd. 7, sec. 9317, supra, by a sheriff within such time in cases where *compulsory* service of process is relied upon to establish that the court has acquired jurisdiction over the person of defendants.

*Return Made.* Defendant Sherburne Mercantile Company con- ▇▇ tends that the phrase "return made" employed in subdivision 7 of section 9317, Revised Codes, refers to the physical act of filing the original summons in the action. Such claim overlooks the fact that "return made" is a technical term which must be given the well-understood and appropriate meaning which it has acquired in law.

In Montgomery Ward & Co. v. District Court, 115 Mont. 521, ▇▇ 146 Pac. (2d) 1012, 1013, this court said:

"The question is whether in this case the summons was returned within the meaning of the statute [sec. 9108, Rev. Codes], and depends upon the proper construction of the word 'returned.'

"Section 15, Revised Codes, provides that words used in the Code shall be construed 'according to the context and the approved usage of the language; but technical words and phrases, and such others as have acquired a peculiar and appropriate meaning in law, * * * are to be construed according to such peculiar and appropriate meaning or definition.' * * *

"Here the word 'return' is used in connection with the word 'summons' and it must, under Section 15, supra, be construed according to its context and also according to any technical, peculiar or appropriate meaning which it has acquired in that connection. As so construed it is apparent that to return a summons is not the same as to return a borrowed book or a hired horse; that it has a specialized meaning at law well known to lawyers and judges, which includes more than the mere idea

of bringing it back to the office from which it issued. * * * A 'return' of a writ is a statement in writing made by a sheriff or other ministerial officer to the court, under his official oath, of what has been done touching the execution of the writ. * * *

" 'Return' of summons or other process is similarly defined in 50 C. J. 561, section 257, and 42 Am. Jur. 104, Section 117, and in decisions too numerous to mention."

In Rood v. McDonald, 303 Mich. 634, 7 N. W. (2d) 95, 96, the court said: "Plaintiff claims that a return consists of the filing of the original writ. This is not the case. Bouvier defines a return as 'an official statement by an officer of what he has done in obedience to a command from a superior authority, or why he has done nothing, whichever is required.' 2 Bouv. Law Dict., Rawle's 3rd Rev., p. 2952."

In Bourgeious v. Santa Fe Trail Stages, 43 N. M. 453, 95 Pac. (2d) 204, 206, the court said: "The summons is the process by which the defendant is summoned to court. The return on the other hand is merely the evidence by which the court is informed that the defendant has been given that indispensable notice to appear in court, without which the court is powerless to proceed. It is not, however, the return which gives the court jurisdiction. * * * The mere failure or omission to return the summons with the proof of service is not an irregularity which prevents the court from conducting the suit in a due, orderly and proper manner. The defendant has been deprived of no right by the failure to file the summons with the proof of service." Also see Riker v. Kilinski, 309 Pa. 188, 163 A. 526.

"Objections to the return of summons are waived by a general appearance. The same is true as to a failure to file a return of summons within the required time." 2 Bancroft's Code Practice & Remedies, p. 1194, sec. 815, notes 15 and 16.

In Federal Land Bank of Berkeley v. Brinton, 106 Utah 149, 146 Pac. (2d) 200, 201, it is said: "The fact that service had been made, by the weight of authority, may be proved or a defective proof of service may be amended after judgment."

It is the fact of service that gives jurisdiction, not the proof of it. In re Estate of Newman, 75 Cal. 213, 16 Pac. 887, 7 Am. St. Rep. 146; Vail v. Jones, 209 Cal. 251, 287 Pac. 99; In re Spiers, 32 Cal. App. (2d) 124, 89 Pac. (2d) 456; Bourgeious v. Santa Fe Trail Stages, supra; Federal Land Bank of Berkeley v. Brinton, supra.

In Hawkins v. Boyden, 25 R. I. 181, 55 A. 324, 325, the court said: "In the Grant case the citation was duly served upon the trustee 20 days before the return day. It was not served upon Boyden, because his attorney agreed with petitioner's attorney, 20 days before the return day, to acknowledge service thereof, which he subsequently indorsed on the citation. The agreement was a waiver or an acknowledgement of service. The actual signing of the acknowledgement was simply evidence of it. It is therefore immaterial when this evidence was supplied—whether before or after the prescribed date—our rules requiring evidence in writing in such cases. Acknowledgement of service is submission to the jurisdiction of the court, and as effective as the service of process by an officer, unless otherwise prescribed by statute. In most states there is statutory provision. In this state we have no statute upon the subject, except as to nonresidents. Gen. Laws 1896, c. 240, sec. 20. It has, however, been the uniform practice of the court to recognize due service and jurisdiction by an acknowledgment thereof, or even by an appearance without objection. Gorman v. Stillman, 25 R. I. 55, 54 A. 934; Vickerie v. Spencer, 9 R. I. 585. We are therefore of opinion that sufficient evidence of service of the citation appears."

In Phillips v. Corey, 1 Ind. T. 567, 45 S. W. 119, 120, the court said: "The contention of counsel for appellants is that the marshal's return on the summons as to T. J. Phillips was not in accordance with law. It appears, however, from an examination of the record in the case, that the marshal did not make any return as to Phillips. He simply wrote him a letter in which he requested him to accept service in the case, and on the letter were indorsed the words: 'I accept service in above case. When

will it be tried? [Signed] T. J. Phillips.' The record discloses the fact that Phillips acknowledged in open court, at the time he appeared specially to make his motion to quash the return, that he did receive the letter indicated, from the marshal, and that he wrote his acceptance as indicated, and signed his name to it. Counsel for appellants insist that this acceptance is not in accordance with the provisions of Mansf. Dig. Ark. sec. 4978, which provides that service of summons may be acknowledged by the defendant by an indorsement upon the summons signed and dated by him, attested by a witness, and that the affidavit of such witness shall be proof of the service. There was no necessity for the affidavit of a witness in the case at bar. The appellant Phillips appeared specially in court, and acknowledged that the acceptance of service was in his handwriting, and that he had signed his name thereto. Counsel insist, however, that this acceptance must have been indorsed upon the summons it does not appear from the evidence in this case that a copy of the summons accompanied the marshal's letter, but it is plainly inferable from the text of the marshal's letter and the acceptance thereon that a copy of the summons did accompany the marshal's letter. However this may be, appellant Phillips was informed of the title of the case, and over his own signature, which he acknowledged in open court to be genuine, he accepted the service. The court, in overruling his motion to quash the return, did not prejudice appellant Phillips' substantial rights. He was notified of the pendency of the suit. He accepted the service which the marshal requested him to accept, but qualified his appearance by stating that it was made for the sole purpose of moving to quash the return.

"We are of the opinion that appellant Phillips accepted service in this case in such a manner as required him to take notice of the pendency of the suit, and to appear and make defense thereto, if he had any defense to submit. His co-defendant had no excuse or even a pretext to refrain from defending the action. We may assume, under such circumstances, that the ap-

pellants had no meritorious defense to the action, and that their present appearance is for the purpose of taking advantage of the merest technicalities. Their substantial rights have not been prejudiced, and no undue advantage has been taken of them. The judgment of the court below is therefore affirmed.''

In Berry v. Berry, 60 N. D. 353, 234 N. W. 520, at pages 521, 522, the court said: ''On the face of the record, the court was justified in taking jurisdiction of the case from the first and entering the decree. The admission of service, voluntarily signed, showed service within the state. If the written admission is not true, then it was in effect a fraud upon the court. When we examine the language of the admission of service, where 'due service and personal service' is admitted, and construe the same in the light of such decisions as Jones v. Merrill, 113 Mich. 433, 71 N. W. 838, 67 Am. St. Rep. 475, and Smith v. Moore Mill & Lumber Co., 101 Cal. App. 492, 281 Pac. 1049, we are not prepared to say jurisdiction was not completed.'' See also Forneris v. Krell, 69 Cal. App. (2d) 280, 158 Pac. (2d) 937.

On the principle recognized by this court in Kasun v. Todevich, 71 Mont. 315, 229 Pac. 714, when construing the provisions of subdivision 6 of section 9317, Revised Codes, we hold that dismissal may be had under the provisions of subdivision 7 of the same statute only in a case which comes clearly within its terms. In the light of the authorities above cited it is obvious that the case at bar fails to come within the terms of subdivision 7 for that: (1) Summons issued herein within the one-year period, in fact on the very day the suit was instituted; (2) defendants, in writing, waived service of summons and return made thereon in manner provided in sections 9110 and 9111, Revised Codes; (3) the admission of service made by defendants in writing has the same legal effect as a *return made* on the summons by the sheriff (subdivisions 1 and 4 of sec. 9122, Rev. Codes); (4) defendants' written admission made two months and one day after complaint filed is the equivalent of a sheriff's *return made* within such time. Such admission was timely made and

was well within the three-year limit allowed by statute for the making of return in cases where jurisdiction is acquired by service of process and proof thereof is made by the officer's return instead of by defendant's voluntary appearance. Subd. 7 of sec. 9317, Rev. Codes.

Upon receiving the written notice of February 21, 1936, of the ▇▇▇ entry of the decree and judgment, defendants were accorded the right by section 9187, Revised Codes, to apply to the district court for relief if either the order of default or the judgment had been taken against them through their mistake, inadvertence, surprise or excusable neglect "provided, that application therefor be made within reasonable time, *but in no case exceeding six months after such judgment, order, or proceeding was taken."* Sec. 9187, Rev. Codes. Had defendants been dissatisfied with the judgment they were accorded the right by subdivision 1 of section 9732, Revised Codes, to appeal to this court provided they did so "within six months after the entry of such judgment."

When six months elapsed after notice was given to defendants of the entry of the judgment against them and they made no application for relief therefrom either under section 9187 or section 9732, supra, the judgment entered February 19, 1936, became final and the district court then lost jurisdiction.

The defendants had six months, not ten years, after the entry of the order of default to apply for relief therefrom under section 9187. They had six months, and not nine years and ten months, under subdivision 1 of section 9732, Revised Codes, in which to appeal from the judgment entered against them.

"In natural reason one should not complain of a thing done ▇▇▇ with his consent. And the law, in all its departments, follows this principle.

"If, except where some counter doctrine presses with a superior force forbidding, a party has requested, or consented to any step taken in the proceedings, or if at the time for him to object thereto he did not, he cannot afterward complain of it,

however contrary it was to his constitutional, statutory, or common-law rights.'' Bishop's New Criminal Procedure, Vol. 1, sec. 117, quoted in State v. Brownfield, 160 La. 171, 106 So. 734, 43 A. L. R. 475. The Brownfield case, supra, is cited and relied upon by this court in the recent case of Miller v. Emerson, Mont., 120 Mont., 380, 186 Pac. (2d) 220.

*Commitment.* Defendants' counsel represented to plaintiff's counsel: ''I will file an answer on behalf of Sherburne Mercantile Company and Otto J. Hartwig in this case as soon as I can get to it.''. This authorized promise, agreement and commitment became and is binding upon the defendants and upon any and all counsel then or thereafter representing defendants in this action.

Had the answer been made as promised none of the questions here presented could have arisen. The answer would have put an end to any question as to service of summons, return made on summons, jurisdiction of the court over the persons of the answering defendants or appearance in the action. An answer filed is ample proof of submission to the jurisdiction of the court rendering wholly superfluous the filing of any return made on summons. Had defendants filed their answer as agreed it then would have been entirely immaterial what was done with the summons, or with the service or return made thereon. Russell v. Craig, 10 Colo. App. 428, 51 Pac. 1017, 1018. Instead of filing the promised answer evidencing its submission to the jurisdiction of the court, the defendant Sherburne Mercantile Company now challenges the jurisdiction of the court over its person and urges that it was never served with process; that it never at any time appeared in the action; and that at no time did it submit to the jurisdiction of the court as it had promised and agreed to do.

This court must hold the defendant corporation and its counsel sel to their promises and commitments. These representations were relied upon by plaintiff's counsel to whom they were made. Plaintiff's counsel had the right to so rely. Neither

the district court nor this court should relieve defendant from the performance of its valid commitments voluntarily made. To aid it in this behalf would enable it to take advantage of its own wrongs and to perpetrate fraud upon plaintiff. Courts abhor fraud. They will not knowingly assist the wrongdoer in his evil enterprise. For this reason defendant was in no position to urge in the district court, and it is in no position to argue in this court, that by failing to keep its promise and answer the complaint, it failed to submit its person to the jurisdiction of the district court. As was said by Judge Learned Hand in the case of Armstrong v. Langmuir, 2 Cir., 6 F. (2d) 369, 371: "A man may not say that he is not properly before the court, and in the same breath argue that, if he be, there is no ground to hold him." "A defendant by accepting the benefits may be estopped from assailing the general nature of his appearance and may be held to have submitted to jurisdiction." Grant v. Kellogg Co., D. C., 3 F. R. D. 229, 232. See Bourgeious v. Santa Fe Trail Stages, supra; Braman v. Braman, 236 App. Div. 164, 258 N. Y. S. 181. Also see State ex rel. Curtis v. McCullough, 3 Nev. 202, cited by this court with approval in State ex rel. Mackey v. District Court, 40 Mont. 359, 106 Pac. 1098, 135 Am. St. Rep. 622.

The provisions of subdivision 7 of section 9317, Revised Codes, have no application in cases such as this where the summons shall have been issued within one year and where defendant, in writing, shall have waived the service thereof within three years after the commencement of the action.

The district court was wholly without jurisdiction to grant the motion of the defendant Sherburne Mercantile Company to set aside its default, to vacate the decree or to dismiss the action, and the order granting said motion is vacated and set aside as null and void. It is so ordered.

On rehearing had the opinion and decision pronounced July 1, 1947, in this cause is ordered withdrawn and the foregoing is substituted therefor.

Associate Justices Choate and Metcalf concur.

Mr. Justice Gibson not participating.

Mr. Justice Angstman (dissenting).

The question involved on this appeal is relatively simple. Subdivision 7 of section 9317, Revised Codes, in part reads:

"No action heretofore or hereafter commenced shall be further prosecuted, and no further proceedings shall be had therein, and all actions heretofore or hereafter commenced shall be dismissed by the court in which the same shall have been commenced, on its own motion, or on the motion of any party interested therein, whether named in the complaint as a party or not, unless summons shall have been issued within one year, and served and return made within three years after the commencement of said action, or unless appearance has been made by the defendant or defendants therein within said three years."

The action was commenced on August 11, 1932. Praecipe for the default of defendants was filed on December 26, 1935, and their default entered and judgment against them followed thereafter.

On January 12, 1946, defendant filed a motion to vacate the default and decree upon the ground that they were entered in violation of subdivision 7 of section 9317 in that at the time they were entered the court had no jurisdiction to do more than to dismiss the action.

When the default and decree were entered more than three years had elapsed after the commencement of the action and the only question before the court was, had summons been served and return made "within three years after the commencement of said action" under subdivision 7 of section 9317, or had defendant within the three-year period made an appearance?

Proof of service in the case consisted of the letters referred to in the majority opinion and some of these were attached to the original summons and filed on December 26, 1935, the same day that defendants' default was entered. This, it should be noted, was long after the three years mentioned in subdivision

7 of section 9317 had elapsed. No other proof of service was filed before that time.

The trial judge ruled that the only authority which the letters conferred upon Mr. Hurd was to file an answer without waiting for formal service of process; that the letters did not constitute an appearance; that summons was not served upon defendants and no return of service made within the three-year period named in section 9317.

My associates hold that the letters constituted an admission of service under subdivision 4 of section 9122. If that be accepted as true, it does not aid plaintiff. My associates realizing this go further and make the broad assertion that the admission of service under subdivision 4, section 9122, has the same legal effect as a return made by the sheriff when summons has been served by him.

In this I think my associates are palpably in error. "A 'return' of a writ is a statement in writing made by a sheriff or other ministerial officer *to the court,* under his official oath, of what has been done touching the execution of the writ." Schmidt v. Schmidt, 108 Mont. 246, 89 Pac. (2d) 1020, 1022. (Emphasis mine.) This language was quoted with approval in State ex rel. Montgomery Ward & Co. v. District Court, 115 Mont. 521, 146 Pac. (2d) 1012. Obviously a sheriff does not make "return" of summons by executing the certificate attached thereto and placing the summons in his vest pocket. The "return" is not complete until the summons with the certificate (or affidavit if service be by one other than the sheriff) properly executed is filed in court. This must be done within three years after the commencement of the action. Likewise, the admission of service, which is but the equivalent of actual service, must also be filed within the three-year period. The admission of service constitutes proof of service and has the same effect as actual service but the proof must still be filed within the three-year period because the admission when filed with the summons constitutes the "return." It shows what has been done touching

the execution of the writ. State ex rel. Montgomery Ward & Co. v. District Court, supra. It is "the evidence by which the court is informed that the defendant has been given that indispensable notice to appear in court, without which the court is powerless to proceed." Bourgeious v. Santa Fe Trail Stages, 43 N. M. 453, 95 Pac. (2d) 204, 206.

Did the letters constitute an appearance by defendants within the exception stated in subdivision 7 of section 9317, Revised Codes? Obviously they did not. An appearance means "the coming into court by either party to an action." 6 C. J. S., Appearances, sec. 1. It is "the first act of the defendant in court." 3 Am. Jur. 783. The letters in question here simply show that Mr. Hurd had authority to appear for the defendants but they do not show that he ever exercised that authority. They do not constitute an appearance within the meaning of section 9782, Revised Codes, but at most show a promise to appear at some indefinite time in the future. Also plaintiff conceded that defendant made no appearance by so reciting in her praecipe for default.

Where, as here, there was no appearance by defendant and no "return" made within three years, the court lost jurisdiction to do anything but dismiss the action. Siskiyou County Bank v. Hoyt, 132 Cal. 81, 64 Pac. 118; Sauer v. Superior Court, 74 Cal. App. 580, 241 Pac. 570; Cook v. Justice's Court of San Diego, 16 Cal. App. (2d) 745, 61 Pac. (2d) 357; People, by Department of Public Works, v. Southern Pac. Ry. Co., 17 Cal. App. (2d) 257, 61 Pac. (2d) 1184; Gonsalves v. Bank of America Nat. Trust & Savings Ass'n, Cal. App., 96 Pac. (2d) 391; Id., 16 Cal. (2d) 169, 105 Pac. (2d) 118. An actual service within the three-year period is of no avail unless return has also been made within that period. Modoc Land & Live-Stock Co. v. Superior Court, 128 Cal. 255, 60 Pac. 848; Bellingham Bay Lumber Co. v. Western Amusement Co., 35 Cal. App. 515, 170 Pac. 632; Pearson v. Superior Court, 122 Cal. App. 571, 10 Pac. (2d) 489.

The judgment which was entered contrary to subdivision 7 of section 9317, being void for want of jurisdiction, was subject to attack at any time either directly or collaterally and it was not incumbent upon defendants to resort to section 9187, Revised Codes, or to appeal therefrom under section 9732.

My associates assert that defendants, if allowed to prevail here, will perpetrate a fraud upon plaintiff. Failure to comply with subdivision 7 of section 9317 was due to plaintiff's neglect. Any damage sustained by plaintiff as a result of sustaining the trial court's ruling will not be due to defendants' fraud but to plaintiff's neglect.

Furthermore, if plaintiff is actually the owner of the property she will not suffer greatly if she be compelled to try her case on the merits, which still can be done even though this action be dismissed as commanded by statute. We have no authority to disregard valid acts of the legislature. My associates, in my opinion, are nullifying the plain wording of our statute.

There are many other questions discussed in the majority opinion. Many of the assertions therein are of well settled principles of law not questioned here and I fail to see their applicability to the points at issue in this case. Likewise, many cases are cited, most of which proclaim some elementary principle of law not questioned here. There is no case supporting the essential conclusion that admission of service not exhibited to the court constitutes a return of the summons at the time the admission was made.

The case of Federal Land Bank of Berkeley v. Brinton, 106 Utah 149, 146 Pac. (2d) 200, 202, is not applicable here because there was not involved in that case any statute similar to our subdivision 7 of section 9317. In that case the court after referring to the statute, said of it, ''nor does there appear a requirement for the filing of any proof of service.'' Therein lies the difference between that case and this one. Here the requirement of return within three years means the filing of proof

of service, or the filing of an admission of service if that be relied on.

What has been said regarding the Berkeley Case applies also to the case of Bourgeious v. Santa Fe Trail Stages, supra, so far as it holds that failure to file a return does not affect the jurisdiction of the court. In that case no statute such as subdivision 7 of section 9317 was referred to.

I concede that where judgment is entered prior to the three-year period, defective proof of service may be amended and thus the return amended nunc pro tunc, and to this extent it is fact of service rather than proof thereof that gives the court jurisdiction. That was so held in Jones v. Gunn, 149 Cal. 687, 87 Pac. 577, and we have announced the same rule in a case where the judgment was entered within the three-year period. State ex rel. Duckworth v. District Court, 107 Mont. 97, 80 Pac. (2d) 367.

But in this state, by virtue of the statute, the court loses jurisdiction of a case except to dismiss it after the three-year period unless return or appearance is made within that time. The statute was designed to hasten prosecution by imposing the penalty of dismissal for want of prosecution.

My associates point out the fundamental principle that a general appearance waives jurisdictional questions. There has been no general appearance in this case. Certainly my associates do not mean to infer that when a person moves to set aside a judgment void for want of jurisdiction when entered, he thereby cures the jurisdictional point retroactively.

I think the trial court was correct in its conclusion and that the order should be affirmed.

Rehearing denied December 2, 1947.